[EDITORS' NOTE: THIS PAGE CONTAINS HEADNOTES. HEADNOTES ARE NOT AN OFFICIAL PRODUCT OF THE COURT, THEREFORE THEY ARE NOT DISPLAYED.] *Page 349 
Unless a change has been wrought in the rules of evidence and the law applicable to this case, by the code of procedure, the justice was clearly right in excluding the evidence offered by the defendant in mitigation of damages. The facts and circumstances offered came far short of a justification of the charge made against the plaintiff, as understood by the court and jury, and it is conceded by the counsel for both parties that they tended to prove the truth of the words uttered. The authorities in this state, prior to the adoption of the code speak but one language; and the rule was too well settled to be changed, except by the interposition of the legislature, that evidence of that character in actions for slander was at the common law inadmissible. The current of authority obligatory upon the courts of this state, notwithstanding some diversity of opinion in other courts and other states, was to the effect, that facts and circumstances which tended to disprove malice by showing that the defendant, though mistaken, believed the charge to be true when it was made, might be given in evidence in mitigation of damages; but if the facts and circumstances offered tended to establish the truth of the charge, or formed a link in a chain of evidence going to make out a justification, they were not admissible, in mitigation of damages. (Cooper v. Barber,
24 Wend. 105; Root v. King, 7 Cowen, 613; Fero v.Ruscoe, *Page 350 
4 Comst. 162; Purple v. Horton, 13 Wend. 9; Gilman v.Lowell, 8 id. 573.) The rule appears to follow as the legitimate result of two other rules which were well established by authority, viz. 1. That evidence of the truth of the charge in justification could not be given under the general issue, but must have been specially pleaded. (Underwood v. Parks, Str. 1200; Campbell v. Butts, 3 Comst. 173.) And, 2. That a plea of justification was conclusive evidence of malice, and precluded all evidence tending to show an absence of malice, and necessarily enhanced the damages. (Gilman v. Lowell, Purple
v. Horton, Fero v. Ruscoe, cited above.) Whether the latter rule might not originally have been, with great propriety and consistently with sound policy and good reason, very essentially modified, it is too late now to inquire. It is well settled to be the rule of the common law as understood and administered in this state, and unless it has been changed by the legislature, must be applied by us to this case.
It follows that the important question presented by the bill of exceptions is upon the construction and effect to be given to section 165 of the code, which, as amended in 1849, read thus: "In the actions mentioned in the last section, (libel and slander,) the defendant may in his answer allege both the truth of the matter charged as defamatory, and any mitigating circumstances to reduce the amount of damages, and whether he prove the justification or not, he may give in evidence the mitigating circumstances." It is urged that the defendant, not having in his answer alleged the truth of the slanderous words, could not under the section quoted allege in his answer, or give in evidence upon the trial, mitigating circumstances in diminution of the damages; and to this effect are two decisions, pronounced by able judges, and therefore entitled to respect and consideration. (Graham v. Stone, 6 How. Pr. Rep. 15;Brown v. Orvis, Id. 376.) The objecion assumes, 1. That proof of mitigating circumstances cannot be given, except under an answer in which the facts relied upon are alleged; and 2. That the only authority for spreading upon the record, by way of answer, facts *Page 351 
that do not constitute an entire defense to the action, but simply go to restrict and limit the amount of the plaintiff's recovery, is confined by the section of the code referred to, and is therefore restricted to actions upon the case for defamation. I think this an unsound theory. At common law a partial defense could not be pleaded, for reasons peculiar to that system; and hence to avoid injustice, such matters which could not be pleaded were admissible in evidence under the general issue, and without notice to the adverse party. (Wilmarth v. Babcock, 2 Hill,
194; Barber v. Rose, 5 id. 76; 21 Wend. 273.) By the code the general issue is abolished; and the defendant may set forth, by answer, as many defenses and counter claims as he may have. (Code, §§ 149, 150.) The legislature, by the same act, also abolished all forms of pleading theretofore existing, and provided that thereafter the forms of pleading in civil actions in courts of record, and the rules by which the sufficiency of the pleadings were to be determined, should be those prescribed by that act. (§ 140.) So complete and thorough has been the departure from the former rules and forms of pleading, that it is hardly safe to rely upon analogies derived from that system in giving practical effect to the new. Based as the new is upon an entirely different theory, and having professedly different ends to accomplish, it is better, with a view to carry it out in its spirit, to consider it, as it is in truth, an entire new theory, to be construed and carried into effect according to its terms, and upon principles peculiar to itself. Difficult as it may be for a mind trained to the logical and truly scientific rules of pleading under which justice has so long been administered in states and countries in which the common law has had sway, to cast aside all the rules which have been supposed to be founded in wisdom, and in practice to have accomplished a good purpose, for a new and confessedly imperfect scheme, it is safe to say that it must be done in order to give effect to the provisions referred to, and to give the new system a fair trial; and that less injustice will be done in that way than by attempting to engraft the *Page 352 
new upon the old, which can only be done to the prejudice of both.
Two objects of reference were made prominent in the changes made in the forms of pleading by the code. One was the introduction of verity into the pleading by providing, in effect, that parties in their allegations should have the same regard to truth that prevails between members of society, in their daily communications with each other; that they should not willingly, and certainly not by compulsion, spread a falsehood upon the record; that a defendant should not be driven, or permitted even, falsely to allege a full defense, to the end that he might prove a partial defense. Another was, that the pleadings should inform the court and the adverse party of the facts alleged in support or defense of the action, and to which evidence was to be given; and hence common counts, general issues and all fictitious pleadings, were abolished. One alleged objection to the old forms of pleading was, that the record did not necessarily disclose the true questions of fact at issue and which were to be tried. With this understanding of some of the leading objects of the legislature, we may read the section which permits a defendant to set forth by answer as many defenses as he may have, and which originally authorized him to "set forth in his answer as manygrounds of defense as he should have," (Code of 1848, § 129,) and recognizes the right to set up facts constituting either a total or partial defense to the action. Although defense may mean literally a denial of the truth or validity of the complaint, an assertion that the plaintiff has no ground of action, it has ceased to mean a justification, and as now used by courts and judges it is applied to matters which go to the partial as well as total extinguishment of the plaintiff's claim; and the terms total and partial defense have become quite familiar, and may well be supposed to have been in the mind of the legislature when they spoke of the "grounds of defense," or "the defenses" of a party to an action. (3 Bl. Com. 296.) It can hardly be that the legislature intended that when a party could not make a full defense to an action, and could not therefore with truth allege facts *Page 353 
constituting a full defense, or fully deny the case made by the plaintiff, that he should be denied the privilege of alleging in his answer, and establishing by his proof a partial defense, or alleging and proving mitigating circumstances. If this was not intended, then the statute should be construed as giving authority to spread fact constituting a partial defense, or tending to reduce the claim of the plaintiff upon the record by way of answer, as a "ground of defense" or as a "defense;" otherwise a return must be had to the former practice, which permitted partial defenses to be given in evidence without plea or notice. For the legislature never intended so to alter the law, that a party who could not make a full defense, should not be heard to make any; but in the language of another, should "be bound hand and foot, and handed over to a jury." It may be that whether the defendant may, under the provisions of § 150, set up in his answer facts constituting a partial defense and tending to mitigate the damages, or whether such matters may be given in evidence without such answer, is immaterial so far as this case is concerned, for the reason that, upon one or the other hypothesis, evidence of the character stated is competent on trials under the code. I am however of the opinion that the facts may and should be pleaded.
We then come to the consideration of § 165, which was not designed to prescribe what might be pleaded in defense of an action for slander, but was enacted to secure the full benefit of the right to plead at all to the defendant by blotting out the rule of the common law, which attached certain presumptions prejudicial to the defendant to one class of pleas. We have seen that by the rules of law, as established by a long series of decisions, a plea of justification was conclusive evidence of malice; and that if a party having alleged the truth of the charge failed to prove it, the damages were necessarily enhanced by the plea, and that the defendant would be deprived of the benefit of any evidence given under it, tending to prove the truth of the charges, but coming short of a justification, although they showed probable cause and entire good faith on the part of the defendant; and the object and design of the *Page 354 
section, apparent from its terms as well as indicated by the commissioners of the code in their report, was to remedy this supposed injustice by changing the rule. Had this section not been adopted, it cannot be doubted that in actions for slander and libel as well as in other actions, mitigating facts and circumstances might have been given in evidence upon the trial; and whether with or without alleging them in the answer, would have depended upon the true construction of other provisions. The section under consideration only provided that mitigating facts and circumstances might be alleged in the answer, and proved upon the trial in the class of actions named in cases where it had theretofore been prohibited; and hence the peculiar phraseology of the provision, that the defendant might in his answer allegeboth the truth of the defamatory matter and any mitigating circumstances. It was assumed that each might be alleged separately, but before this enactment they could not stand together, and a plea of justification effectually concluded the defendant from the benefit of any evidence tending to disprove malice, and in that way to mitigate the damages. This provision effectually disposes of that rule by adopting one directly the reverse, and more consistent with principles of justice, and in harmony with the views of the legal profession. There is but little justice in punishing a man for availing himself of the forms of pleading, to enable him to make a defense in good faith, which he believes to be meritorious and valid, because he chances to fail. The law does it in no other case. If the privilege is abused for malicious purposes, it should then be matter in aggravation of damages — not otherwise.
It would seem to follow that, with the abrogation of the rules that lay at the foundation and constituted the reason for excluding evidence in mitigation of damages which tended to prove the truth of the charge, or which formed a link in a chain of evidence going to make out a justification, the rule itself should fall. It is implied by all the decisions that, but for the rules of pleading and presumption referred to, any evidence tending to disprove malice would be admissible, although it should tend to *Page 355 
justify the charge. All the judges who have undertaken to assert the rule, have found it necessary to engraft the exceptions upon it, lest it should be understood that such evidence was within the rule. (8 Wend. 573; 6 Barb. 43; 13 Wend. 9;. 4 Comst. 162; 7 Cowen, 613; 24 Wend. 105.) The guilt of and essential ground of action for defamation consists in the malicious intention; and when the mind is not in fault, no prosecution can be sustained. (2 Kent's Com. 26.) This malice the law implies from the falsity of the charge, except when the words are spoken in the performance of some recognized duty, or in the assertion of some right, in which case express malice must be shown, while in other cases express malice forms no part of the issue. (Thorn v. Moser, 1 Denio, 488; Howard v. Sexton, 4Comst. 157.)
To repel and overcome in part this legal presumption of malice, the defendant has been heretofore permitted to prove facts and circumstances which show that the charge was made under a mistake of facts. (Gilman v. Lowell, supra.) Within the rule, he may give evidence of facts and circumstances which induced him to suppose the charges true at the time they were made. (Purple v.Horton, and Cooper v. Barber, supra.) But this rule as heretofore established must be taken with this qualification, that the facts must not tend to prove the truth of the charge; and the reason assigned for the qualification is, that if they are proved under a plea of justification, the plea itself being conclusive evidence of malice, cannot be overcome or rebutted; and if offered under the general issue, they are inadmissible, as tending to establish a defense which should have been specially pleaded, and for the additional reason assigned in some of the cases, that as a plea of justification was conclusive evidence of malice, a fortiori, the offering of proof of the truth of the charge was alike conclusive upon that question. But these rules are changed; and the reason of the rule under consideration having therefore ceased, the rule itself should cease. The report of the commissioners of the code show this result to have been within their intention in framing the provision; and as the provision iself is consistent with this view, it may be supposed *Page 356 
that the legislature intended the same result. Probable cause for making the change, especially when that cause has been induced by or necessarily results from the acts of the plaintiff, together with entire good faith of the defendant in making it, does, in my judgment, show an absence of malice; and so far as malicious intention lies at the foundation of the action and of the claim for damages, should be taken into account, not as a full defense, but in mitigation of damages, as in Gilman v. Lowell. The action is vindictive, and the damages are punitive as well as compensatory; and so far as the former are concerned, all evidence tending to throw light upon the intent and motives of the defendant, which does not interfere with the established rules of law, may very properly be received. A plaintiff will not, in the hands of an enlightened court and jury, be very likely to suffer injustice from evidence which goes merely to give character to or explain the conduct of the defendant, and show under what circumstances and why he spoke the words, especially when the evidence is given under a disclaimer of all intention to justify the words or insist upon their truth. The course of legislation upon this subject tends very strongly to show that it was the intention to make this change in the rule now under consideration. The commissioners first reported the section authorizing the setting up of "any mitigating circumstances sufficient in law to reduce the amount of damages," which fully expressed their views, and would have authorized any circumstances which, under the law and the rules of pleading and evidence as modified by the code, would have been sufficient to reduce the damages. The legislature, without an intention to change the provisions, so far as I can discover, varied the phraseology, by making it read, "any mitigating circumstances legally admissible in evidence," and this was amended in 1849, by striking out "legally admissible in evidence," lest it might be construed as restricting the mitigating circumstances to such as were before admissible, which would have been in direct conflict with the residue of the section, which expressly authorized evidence to be given of mitigating circumstances *Page 357 
which was before excluded. The facts offered in evidence, and which were rejected by the judge upon the trial, would have tended to disprove malice by showing the cause, if any, that existed for making the charge; and this the jury should know, to the end that they may understandingly measure the damages, and mete out to each party equal and exact justice.
The course of the decisions upon this branch of the law in other states and in England need not be examined in this connection, as they are sufficiently referred to by Selden, J., in his dissenting opinion in the court below in this case, and inFollett v. Jewett, (1 Am. Law Reg. 600,) in which I fully concur. I will merely add, that so long as the rule laid down by Gardiner, J., in Howard v. Sexton, is the law in this state, that to constitute an injury, for which an action of slander will lie, malice must be proved — not mere general ill will — but malice in the special case set forth in the pleadings, to be inferred from it and the attending circumstances, any evidence which legitimately shows innocency of motive may be given as a mitigating circumstance under the code, whether it conduces to prove the fact, while it falls short of it, or not. What effect should be given to the evidence is not for us to say. We merely decide that it was competent; and because it was excluded, the judgment of the court below must be reversed, and a new trial granted, costs to abide the event.