## N. Y. SUPERIOR COURT.

ALFRED A. DOLEVIN, plaintiff agt. THEODORE H. WILDER, defendant.

The cases of *Bush* agt. *Prosser* (14 *N. Y. R.* 347) and *Brisby* agt. *Shaw* (12 *id.* 67), settle two principles in the law relative to actions of *libel* and *slander*, under the Code:

*First.* That mitigating circumstances may be pleaded in connection with a general denial, and with or without a plea of justification.

*Second.* That all matters which tend to disprove malice may be pleaded in mitigation of damages, although they may tend to prove the truth of the words complained of.

But these principles require that the defendant, seeking to mitigate damages by pleading facts and circumstances which induced him to believe the charge to be true at the time he made it, must state such facts and circumstances as would rea-

sonably induce, in the mind *of a person possessed of ordinary intelligence and know-ledge, a belief of the truth of the charge.*

The pleadings should show that the defendant, at the time he made the charge, *knew the facts and circumstances on which he relies.*

Also, the defendant should either expressly aver that such facts and circumstances induced a belief in the truth of the charge at the time he made it, or that the facts and circumstances should carry with them a reasonable presumption that he believed the charge to be true.

Questions as to whether there was *no malice* in making the charge, or if any, to what extent, are eminently proper to be submitted to the jury. The Code has made no change in the previous law on this subject.

As mitigatory facts may now be pleaded, the rule governing the admission of evidence thereof should be applied as far as possible to the pleading.

One of these rules of evidence is, to admit proof of any fact which might possibly bear on the question of malice. Another is, that, if there is the slighest doubt in the mind of the judge as to whether the facts proposed to be proven tend to disprove malice, to admit the evidence and submit the question to the jury under proper instructions.

These rules should now be applied upon a motion to strike out parts of an answer setting up facts and circumstances in mitigation of damages.

Where the absence af averments, in an answer, forbids any presumption that, by any reason of the facts and transactions alleged, the defendant believed the charge to be true at the time he made it, such allegations will be stricken out on motion.

Where the allegations in the answer tried to show that the words were uttered *in the heat of passion,* caused by the present acts and conduct of the plaintiff, they may be retained.

*Special Term, February,* 1868. *Decided February* 17, 1868.

THIS is an action of slander. The words charged as having been uttered are, "You are a thief! you are a thief!"

The answer, amongst other things, alleges, in mitigation of damages, substantially as follows: That plaintiff and defendant are in the same line of business, to wit., sail makers; that about a year previous to the utterance of the words, the captain of a vessel came to defendant's place of business, at New York city, and directed his foreman to send to his vessel and get certain sails to repair; that plaintiff at that time was standing by, and immediately went to the vesel and represented to the captain that he came from the defendant to get the sails; that the captain thereupon delivered the sails to the plaintiff, who took them to his own place of business and repaired them, whereby the defendant lost a customer, and also the profit to be derived from repairing the sails; that since that time plaintiff has frequented defendant's place of

business, hanging about on the steps thereof, interfering with his business, and enticing away his customers; that a day or two previous to the time mentioned in the complaint, plaintiff had enticed away one of defendant's customers; that defendant, irritated thereby, coming out of his place of business, saw the plaintiff standing on the steps, and said to him, "You leave; I believe you are a thief! If you do not get off, I will kick you off!"

The answer further alleges, in mitigation, that plaintiff, at the city of Boston, fraudulently and surreptitiously obtained from one Blaney, a sail maker, a bill due said Blaney from a certain vessel, for sails, &c., repaired and furnished to said vessel, and thereupon represented himself to the captain of said vessel as the agent of said Blaney, and collected from said captain the amount of said bill, and appropriated the same to his own use.

A motion is now made to strike out of the answer these allegations.

ANGELL & OAKSMITH, *for plaintiff.*

EMERSON & GOODRICH, *for defendant.*

JONES, J. The case of *Bush* agt. *Prosser* (11 *N. Y. R.* 347), and *Bisby* agt. *Shaw* (12 *N. Y. R.* 67), settle two principles in the law relative to actions for libel and slander, under the provisions of the Code. These are:

*First.* That mitigating circumstances may be pleaded in connection with a general denial, and with or without a plea of justification.

*Second.* That all matters which tend to disprove malice may be pleaded in mitigation of damages, although they may tend to prove the truth of the words complained of.

These principles, taken in connection with the law as it stood prior to the Code, which permitted a defendant to give, in mitigation of damages, evidence under the general issue of facts and circumstances, which induced him to

believe the charge true at the time he made it, as tending to disprove malice, provided such facts and circumstances did not tend to prove the truth of the charge. (*Gilman* agt. *Lowell*, 8 *Wend. R.* 575; *see remarks in Bush* agt. *Prosser*, 11 *N. Y. R.* 355.) The further principle flows, that facts and circumstances which induced the defendant to believe the charge true at the time he made it, may now be pleaded in mitigation of damages, as tending to disprove malice, although they may also tend to prove the truth of the charge.

The question now aries, by what rules and principles is the sufficiency of an answer setting up mitigating matters to be treated?

Since such a plea was not allowed before the Code, we can of course find no guide in the decisions made prior to its passage, upon the sufficiency of pleadings; and since its passage, although more than twenty years have elapsed, there is a great paucity of decisions bearing on the subject.

It may, however, be safely asserted that a defendant cannot spread on the record any matters that he pleases, and then, by asserting that by reason thereof he verily believed the charge to be true at the time he made it, successfully resist a motion to strike them out.

From this one rule may be deduced, viz: that where a defendant seeks to mitigate damages by pleading facts and circumstances which induced him to believe the charge to be true at the time he made it, the facts and circumstances so pleaded must be such as would reasonably induce, in the mind of a person possessed of ordinary intelligence and knowledge, a belief of the truth of the charge.

Again, this species of evidence is admitted only for the purpose of disproving malice; and it must appear from all the proof at the trial, not only that the facts and circumstances were such as would reasonably induce, in the mind of a person possessed of ordinary intelligence and knowledge, a belief of the truth of the charge, but also that the defendant was in fact thereby induced to believe in its truth.

From this, two other rules of pleading may be induced, viz:

*First.* That the pleadings should show that the defendant, at the time he made the charge, knew the facts and circumstances on which he relies; and,

*Secondly.* That he should either expressly aver that such facts and circumstances induced a belief in the truth of the charge at the time he made it; or that the facts and circumstances should carry with them a reasonable presumption that he believes the charge to be true.

Again, the questions as to whether there was no malice in making the charge, or if any, then to what extent, are eminently proper to be submitted to the jury. The Code has made no change in the previous law on this subject.

. The rules, then, which governed the admission of proof as to mitigatory facts are (except so far as the exclusion of such facts rested on the ground that they tended to prove the truth of the charge) still in force; and as mitigatory facts may now be pleaded, the rule governing the admission of evidence thereof should be applied, as far as possible, to the pleading. One of these rules of evidence was to admit proof of any fact which might possibly bear on the question of malice, under, of course, the restriction, now no longer in force, that it did not tend to prove the truth of the charge. Another was, that, if there was the slightest doubt in the mind of the judge as to whether the facts proposed to be proven tended to disprove malice, then to admit the evidence and submit the question to the jury, under proper instructions.

These rules should now be applied upon a motion to strike out parts of an answer setting up facts and circumstances in mitigation of damages.

Testing the present answer by these principles, that portion of it which sets up the Boston transaction must be stricken out. The answer neither avers that the defendant knew of it at the time he made the charge, nor does it

Dolevin agt. Wilder.

expressly aver that by it he was induced to believe the charge true at the time he made it. The absence of the averments forbids any presumption that by reason of this fact he believed the charge to be true at the time he made it.

With respect to the allegation respecting the enticing away of customers and interfering with his business, the facts alleged are not such as would reasonably induce, in the mind of a person possessed of ordinary intelligence and knowledge, a belief in the truth of the charge of theft.

To permit one to relieve himself from any part of the responsibility attached to the imputing to another the crime of theft, on the ground that he, on so slight a basis as this, believed the charge to be true, would be in effect to allow one who became dissatisfied with the conduct or business transaction of another towards or with him, to apply to such other person such epithets as he saw fit, and then, when called to account, to shield himself from a portion of the responsibility by the bare averment that the conduct or transaction in question induced in his mind a belief that the epithets were correctly applied.

It should be the policy of the law to inculcate the observance of orderly speech, and not by dealing leniently with those who, not being excited by passion reasonably aroused by present acts or language of another, or protected by some privilege known to the law, indulge in opprobrious epithets, encourage slanderous utterances, whereby breaches of the peace may ensue.

Not only are these allegations not of a character which should reasonably induce a belief in the truth of the charge, but they are not such as to carry with them a presumption that the defendant, by reason thereof, believed the charge to be true. It was therefore incumbent on him to expressly aver such belief. This he has failed to do.

For these reasons, but particularly for the first one, these allegations cannot be permitted to remain on the ground that

by reason thereof defendant was induced to believe the charge to be true at the time he made it.

These allegations may, however, be retained on the ground that they tend to show that the words were uttered in the heat of passion, caused by the then present acts and conduct of the defendant.

The bare fact of seeing plaintiff standing on defendant's steps, would of itself, not be sufficient for this purpose. It is necessary, therefore, to go further and see if there is anything in the previous acts or conduct of plaintiff known to defendant, so characterizing the act of standing on the steps, as to reasonably lead to the conclusion that defendant uttered the words in question, under the excitement of passion caused by such act of defendant.

The pleader has done this, and has set forth those previous acts, and that former conduct which, as defendant claims, gave to the act committed at the time of the utterance of the words, a significance and character that excited his passions.

That the words charged were uttered in the heat of passion, caused by the act of the plaintiff, was provable in mitigation of damages prior to the Code, but then that matter could not be pleaded; it however, was admissable in evidence under the general issue. If the system of pleading then existing still continued, these matters now under consideration, could not have been pleaded, but on the trial the defendant could have proved that he was in a passion at the time he uttered the words, and to show that such passion was caused by the act of the plaintiff, he could prove the acts and language of the plaintiff at the time, and if those acts or that language only gained significence by reason of their connection with previous acts or language of the plaintiff, known to the defendant, he could then show those previous acts, or that former language, for the purpose of showing that plaintiff's acts and language, on the occasion in question, did cause his passion. This, of course, was sub-

ject to the exception, that the acts and language did not tend to prove the truth of the charge, which exception, as repeatedly before remarked, no longer exists.

But now a defendant may plead matters which go in mitigation of damages merely. The question then arises whether in pleading, heat of passion in mitigation, the defendant should plead simply that he uttered the words in heat of passion caused by plaintiff, or should set forth the acts and language of plaintiff, which he claims, caused his passion. I think the latter mode is more comfortable to the rules of pleading.

When an answer thus setting forth the acts and language of plaintiff, in mitigation is interposed, and a motion made to strike out parts as irrelevant the only duty devolving on the court, under the rules above laid down, is to see whether the matters pleaded can by any possibility be received in evidence; if so they should not be stricken out, if not they should be. In the performance of this duty, as above suggested, if there is the slightest doubt as to the matters being inadmissible, the court should refuse to strike out.

In the present case I cannot undertake to say, that the matters in question are clearly inadmissible.

What are they? These: Plaintiff and defendant are in the same line of business. Plaintiff about a year ago enticed away a customer of defendant's, since that time he has been lounging around defendant's place of business enticing away his customers, and a day or two previous to the utterance of the words, had enticed one away, and on the occasion of the utterance, defendant on coming out of his store, saw plaintiff on his steps, and being irritated thereby, used certain language specified.

Now, proof of the mere fact that plaintiff was standing on defendant's stoop, would of itself, be clearly insufficient to mitigate damages. But when that act is characterized by the previous acts and conduct of plaintiff, it may or may not be a mitigating circumstance according as the evidence

developes particulars and circumstances, which cannot be inserted in a pleading. It would be a fair question for the jury whether the grievances theretofore suffered by defendant, were by seeing the plaintiff standing on his steps suddenly brought vividly to his mind, and he in the heat of a passion excited by a sense of the wrongs done him, thus suddenly flashed in his mind, uttered the words. The operations of the mind under circumstances like these, are instantaneous, and a slight circumstance will often call up a recollection of forgotten and forgiven injuries, and suddenly raised up an excitement, under the paroxism of which, words will be uttered and acts done which calm reflection would avoid.

I cannot say but that the evidence which may be adduced to prove the matters pleaded, will justify the jury in finding that the words were uttered in heat of passion thus excited.

If so, the fact of their being so uttered, must be taken in mitigation of damages.

But to justify the jury in so finding, the bare fact of plaintiff's standing on defendant's steps, will not as before stated, be sufficient, but that act must be construed by the other matters pleaded.

There being then one aspect in which proof of these facts may possibly be admissible, they cannot be stricken out.

Motion granted in part and denied in part, as above indicated, without costs to either party.