Gorton *v.* Keeler.

GORTON *vs.* KEELER.

In an action for slanderous words, imputing to the plaintiff the crime of perjury, the defendant alleged in his answer, and offered to prove on the trial, that in a certain action theretofore pending before a justice of the peace, the plaintiff was sworn as a witness, and gave testimony material to the issue, which was untrue; and that whatever the defendant said of the plaintiff, had exclusive reference to such testimony. *Held,* that the matter thus pleaded and offered to be proved, was clearly insufficient as a justification, because it did not contain an averment that the plaintiff knew the testimony given by him to be false, or that he testified corruptly. The averment in the answer might be true, and yet the plaintiff be innocent of the crime of perjury.

*Held, also,* that the offer was equally insufficient for the purpose of mitigating damages; mitigating circumstances being those which tend to disprove malice. And that although the circumstances set out in the answer might have had a tendency to induce in the mind of the defendant a belief that the plaintiff had committed perjury, yet that fact not being alleged in the answer, the testimony was properly excluded, when offered in mitigation.

In pleading circumstances, which are claimed to be proper in mitigation of damages, for the reason that they induced the defendant to believe that the charge made by him was true, the fact of such belief, and that it was so induced, is an essential one, and should be distinctly alleged.

Gorton *v.* Keeler.

But such an averment would be improper in an answer setting up a justifica-
tion. Such an answer necessarily insists upon the truth of the charge, and
it must allege facts showing that the plaintiff is guilty of the offense or dis-
reputable conduct imputed to him. *Per* J. C. SMITH, J.

An answer in mitigation impliedly admits that the charge was unfounded, but
denies that it was made maliciously; and when such answer undertakes to
set up that the charge was made in a belief of its truth, it must allege, not
only circumstances tending to produce such belief, but also the fact that
such belief, so produced, existed in the mind of the defendant when he
made the charge. *Per* J. C. SMITH, J.

THIS was an action for slander, in charging the plaintiff
with having "sworn falsely, sworn to a lie," in an
action between the parties, before a justice of the peace,
in which the present plaintiff was sworn and examined as
a witness on his own behalf.

The answer of the defendant was as follows:

"1st. The defendant denies each and every allegation
in the said complaint contained.

2d. For a second and further answer, the defendant
alleges that before the speaking of the words alleged in
the complaint, and on the third day of November, A. D.
1866, upon the trial of an action then pending before
Thomas S. Crosby, Esq. a justice of the peace of the
town of Cohocton, in said county, between the said de-
fendant Keeler, as plaintiff, and the said James Gorton as
defendant, James Gorton, the plaintiff in this action, ap-
peared as a witness for and on his own behalf, and was
then and there duly sworn by the said justice, and took
oath to speak the truth, the whole truth, and nothing but
the truth, touching and concerning the matters in question
in the said issue.

3d. That the plaintiff being so sworn, falsely deposed
and gave evidence, among other things, that he, the said
Gorton, agreed to work for the said Keeler, and that said
Keeler agreed to pay said Gorton for said work $5 per day;
that said Keeler agreed to pay him, said Gorton, $5 per
day for his work; that he agreed with the plaintiff at $5

per day; that he, (the plaintiff in this action meaning,) agreed with the plaintiff, (the defendant in this action meaning,) at $5 per day; that the defendant, Keeler, agreed and promised to pay to him, the said Gorton, for his work and labor, $5 per day.

4th. That in truth and in fact, the said Gorton never agreed to work for the said Keeler, when the said Keeler agreed to pay him $5 per day for said work; the said Keeler never agreed to pay the said Gorton $5 per day for his work; the said Gorton never agreed with the said Keeler at $5 per day.

5th. That the truth of the matters hereinbefore stated, were material and pertinent to the issue there tried.

6th. That whatever the defendant said of and concerning the plaintiff at the time, and as alleged in the complaint in this action, had exclusive reference to the testimony given by the said plaintiff, on the trial of said action before the said justice, relating to the alleged agreement for $5 per day, for work as above stated and set forth, and not other or different."

On the trial, the plaintiff proved the uttering of the words by the defendant, as charged in the complaint, when he rested.

The defendant moved for a nonsuit on the grounds:

1st. That the plaintiff had not made out a cause of action.

2d. That the words proven were not actionable *per se*, without proof of the trial of an action in which the plaintiff had been sworn and testified as a witness. The court denied the nonsuit, and the defendant duly excepted.

The defendant, then offered to prove the facts set out in his answer in justification of the words proven. The plaintiff objected that the facts alleged were not sufficient to allow evidence in justification. The objection was sustained, and the evidence was excluded, to which the defendant duly excepted.

The defendant then offered to prove the facts alleged in

his answer, in mitigation of damages. The plaintiff objected that the facts alleged were not competent in mitigation of damages. The objection was sustained, and the evidence was excluded, to which the defendant duly excepted.

The jury found a verdict for the plaintiff for one hundred dollars, and from the judgment entered thereon, the defendant appealed.

*Butler & Parkhill,* for the appellant. I. The judge erred in refusing to nonsuit the plaintiff on the ground that the plaintiff had not made out a cause of action. 1. The words proven were not actionable *per se* without proof of the trial of an action in which the plaintiff had been sworn and testified as a witness. (*Vaughan* v. *Havens,* 8 *John.* 109. *Crookshank* v. *Gray,* 20 *id.* 344. *Bullock* v. *Coon,* 9 *Cowen,* 30.) 2. The materiality of the testimony given by the plaintiff, in reference to which the charge of perjury was made, should have been shown by the plaintiff to entitle him to recover. (*Roberts* v. *Champlin,* 14 *Wend.* 120.) 3. Whether the testimony was material or not, is a question for the court, to be determined from the evidence. (*Power* v. *Price,* 16 *Wend.* 450.)

II. The judge erred in charging the jury that "the words that have been spoken are actionable words," it not having been shown that the words referred to material testimony in a trial or other legal proceeding. (16 *Wend.* 450, *and cases cited.*)

III. The judge erred in excluding the evidence offered by the defendant in justification of the words spoken. The answer is full and specific, and contains distinct allegations of perjury. The word "*falsely,*" as used in the answer, implies malice.

IV. The judge erred in excluding the evidence offered by the defendant in mitigation of damages. 1. The answer was plain and concise, and the plaintiff could not

reasonably insist that he was misled thereby, or that it did not give him notice upon what fact and circumstances the defendant based his defense. 2. If the facts alleged were not sufficient to constitute a justification, they were certainly sufficient to be urged in mitigation. (*Bush* v. *Prosser*, 1 *Kern.* 347, *and cases cited. Bisbey* v. *Shaw*, 2 *id.* 67. *Wachter* v. *Quenzer*, 29 *N. Y. Rep.* 547.) 3. There is nothing in section 165 of the Code, requiring any notice to the plaintiff, whether the allegations of the answer will be urged in justification or mitigation. (*Code*, § 165. 29 *N. Y. Rep.* 547. *Billings* v. *Waller*, 28 *How.* 97. *Van Benschoten* v. *Yaple*, 13 *id.* 97.) 4. The defendant may set up a justification, or he may allege facts short of a full justification, but giving some color to the charge, by way of modification, or he may do both ; and in either case he may prove the facts as they are, though they fall short of a justification ; and the jury may take them into consideration for the purpose of mitigating the damages. (29 *N. Y. Rep.* 551. 1 *Kern.* 347.)

V. Assuming that notice should be inserted, then objection could be taken only by way of demurrer, upon the ground that want of notice might enable the plaintiff to treat the answer as one in bar, for the purpose of the demurrer. But by going to trial, the plaintiff waived such objection, and if the facts alleged were competent for any purpose, they were admissible. No other objection can be taken on the trial.

*A. M. Spooner*, for the respondent. I. The slanderous words spoken by the defendant amount to a direct imputation of perjury, and any person of ordinary understanding, hearing such words uttered of another, would understand that the speaker meant to charge the crime of perjury upon the person of whom he was speaking ; and when the words are such as naturally make the impression upon the mind of the hearer that the party spoken of has

Gorton *v.* Keeler.

been guilty of perjury, it is not incumbent upon the party prosecuting, to prove affirmatively that a suit was pending, or that the testimony given by him was material.   Here the charge was general, and not in regard to any particular portion of the evidence.   Even if the charge be false swearing in any particular portion of the evidence, the defendant must himself show its immateriality if he would escape the consequences of his slander.   (*Power* v. *Price*, 16 *Wend.* 450.   *Jacobs* v. *Fyler*, 3 *Hill*, 572.   *Sherwood* v. *Chace*, 11 *Wend.* 38.)

II. The evidence offered by the defendant on the trial, was properly excluded.   1. It was not competent in mitigation, because it was not alleged in the answer that it would be offered for that purpose; and,   2. It was not allowable in justification, because the answer does not state the plaintiff swore corruptly and willfully false.   If the defendant would prove any fact in mitigation merely, he must take his position in the answer, and state the object of the evidence to be in mitigation.   (5 *Sandf.* 54, 264, 2 *Kern.* 67.)   If intended as a justification, the answer must state facts, which, if true, would make the plaintiff guilty of felonious false swearing.   The answer comes far short of that, by omitting to state the plaintiff testified willfully and corruptly false.   (*Clark* v. *Dibble*, 16 *Wend.* 601. 3 *Barb.* 599.   20 *John.* 351.   19 *Abb.* 97.   *Bates* v. *Rosekrans*, 23 *How.* 98, 102.)

*By the Court,* JAMES C. SMITH, J.   This is an action for slanderous words imputing to the plaintiff the crime of perjury.   The only questions in the case arise upon the offer of the defendant, on the trial, to prove in justification of the charge, and also in mitigation of damages, the facts set out in the answer.   The offer was overruled, and, I think, properly.

The substance of the answer is that in a certain suit theretofore pending before a justice of the peace, the

Gorton *v.* Keeler.

plaintiff was sworn as a witness, and gave testimony, material to the issue, which was untrue; and that whatever the defendant said of the plaintiff had exclusive reference to such testimony.

The matter thus pleaded and offered to be proved, was clearly insufficient as a justification, because it did not contain an averment that the plaintiff knew the testimony given by him to be false, or that he testified corruptly. In other words, the averments in the answer might be true, and yet the plaintiff be innocent of the crime of perjury.

The offer was equally insufficient for the purpose of mitigating damages. Mitigating circumstances are those which tend to disprove malice. The offer was simply to prove the allegations in the answer. The answer does not aver the absence of malice. It does not allege that by reason of the facts and circumstances set forth, the defendant believed, or had reason to believe, at the time when the charge was made, that it was true. For aught that is alleged in the answer, the charge was made with a deliberate purpose to injure and defame the plaintiff. The circumstances set out in the answer may have had a tendency to induce in the mind of the defendant a belief that the plaintiff had committed perjury, but if they did, in fact, create such belief, the defendant should have alleged it in his answer. Not having done so, the testimony was properly excluded, when offered in mitigation.

This ruling is not a departure from the doctrine of the reported cases. In *Bush* v. *Prosser*, (1 *Kern.* 347,) the answer, in stating the circumstances relied on in mitigation, alleged that "whatever was said by the defendant in relation to the matters in the complaint, was said without any malice towards the plaintiff or designed to do him injury in his good name or otherwise, but the same was said in kindness to the plaintiff personally, and

to the son of the defendant by way of remonstrance, he
then being a minor."

In *Bisbey* v. *Shaw*, (2 *Kern.* 67,) no question was made
as to the sufficiency of the answer. The testimony offered
by the defendant, by way mitigation, was received with-
out objection. The questions, on which the case turned,
arose on the charge of the judge, and involved the effect
to be given to the circumstances proved by the. defendant
and relied upon by him to mitigate the damages. But
the answer went much further than the one in the present
case. The facts stated in the answer were, that the plain-
tiff had secretly and fraudulently taken and carried away
corn belonging, in part, to the defendant, under circum-
stances which induced the plaintiff himself to believe that
the taking was larceny; and that he declared that belief
by confessing that he had stolen the property. " On these
facts" said Ruggles, J. delivering the opinon of the court,
" the jury might well have found that if the plaintiff him-
self thought he had stolen it, the defendant might hon-
estly and without malice have believed so, when he spoke
the words complained of as defamatory."

The ruling made at the circuit, if adhered to by the
courts, will have a salutary effect in establishing a crite-
rion by which an answer setting up mere mitigating cir-
cumstances may be distinguished from one setting up a
justification. Under section 165 of the Code, an amphibi-
ous form of answer has sometimes been resorted to, under
which, at the circuit, the party interposing it, first attempt-
ed to prove a justification, and failing in that, claimed
that the evidence should be received in mitigation. This
practice, if tolerated, would give a defendant the benefit
of either defense, or both of them, at his option, without
apprising the plaintiff of the ground to be taken against
him. To remedy this mischief, the Superior Court of
New York city has held in several reported cases, on de-
murrer, that an answer setting up mitigating circum-

stances under section 165, must state that they will be given in evidence, solely in mitigation of damages; since otherwise the plaintiff has a right to believe that they are relied on as a bar to his action, and upon that ground may justly demur to them. (4 *Sandf.* 668. 5 *id.* 54, 264.) But with all due respect, there is no warrant for holding that an answer which sets up facts constituting a good defense must also state for what purpose proof of such facts will be offered at the trial. Merely giving a pleading a name, does not fix its character. Under the Code, facts, only, are to be pleaded; their legal effect is not proper matter of pleading. The only test of the sufficiency of a pleading is whether the facts alleged constitute a good cause of action or defense. A partial defense, as well as a complete bar, may be set up in an answer. And under section 165, circumstances, by way of mitigation, (which are a partial defense,) may be pleaded with or without a justification. (*Bush* v. *Prosser, sup.*) But these two defenses are entirely distinct in their nature, and if the pleader sets out the issuable facts constituting them, and nothing more, neither of them will be mistaken for the other. In pleading circumstances which are claimed to be proper in mitigation of damages, for the reason that they induced the defendant to believe that the charge made by him, complained of by the plaintiff, was true, the fact of such belief, and that it was so induced, is an essential one, and should be distinctly alleged. But such an averment would be improper in an answer setting up a justification. An answer, in justification, necessarily insists upon the truth of the charge, and it must allege facts showing that the plaintiff is guilty of the offense or disreputable conduct imputed to him—but with the motive of the defendant in making the imputation, it has nothing to do. On the other hand, an answer, in mitigation impliedly admits that the charge was unfounded but denies that it was made maliciously; and where such answer

---

Fitzgerald *v.* Redfield.

---

undertakes to set up that the charge was made in a belief of its truth, it must allege, not only circumstances tending to produce such belief, but also the fact that such belief, so produced, existed in the mind of the defendant, when he made the charge.

The motion for a new trial should be denied.

Ordered accordingly.

[Monroe General Term, June 1, 1868. *E. D. Smith, Johnson* and *J. C. Smith,* Justices.]