CHRISTINA HATFIELD, Respondent, *v.* FREDERICK LASHER, Appellant.

*Facts to be available in mitigation of damages, must have been known at the time of uttering the slanderous words*

In an action for slander or libel, the defendant may set forth in his answer, and prove on the trial, facts and circumstances tending to establish the truth of the defamatory words, by way of mitigation, with a view to disprove malice; but to be available to him in mitigation it must be made to appear that he knew or had information of these facts and circumstances when he uttered the words, and that he spoke them under a belief in their truth.

Such facts might be so notorious as to create a fair presumption that they had come to the defendant's knowledge, although he could not prove this by direct evidence. (Per LEARNED, P. J.)

APPEAL from a judgment in favor of the plaintiff, entered upon the verdict of a jury.

The action was one of slander, to recover for words spoken by the defendant imputing unchastity to the plaintiff.

*F. Jacobs, Jr.,* for the appellant.

*W. H. Johnson,* for the respondent.

BOCKES, J.:

On a careful reading of all the testimony, it must be conceded, I think, that the verdict cannot be disturbed on the ground that it is, unsupported by, or against the evidence. Very plainly a case was made for the jury, and that too either aggravated or mitigated in character, accordingly as the jury should place reliance on the proof submitted by the respective parties. Assuredly the verdict cannot be set aside, save it be done arbitrarily in violation of sound rules of propriety, on the ground that the evidence is insufficient to sustain it; and after examination of the exceptions to the admission, and rejection of evidence, in those instances as to which the appellant complains of the rulings of the court, I am of the opinion that the record is free from error.

In the course of the charge the learned judge, after calling the attention of the jury to the evidence given by several witnesses showing acts of impropriety and indelicacy on the part of the plaintiff, tending to prove her a person of licentious inclination, if not actually unchaste, remarked as follows : ·· But gentlemen, in taking into account the weight which that evidence shall have, if true, you must take into account that in order to amount to mitigating facts they must have been known to the defendant at the time he uttered the charges," and again, " mitigating facts in the eye of the law are such facts and circumstances as would induce a person of ordinary understanding to believe the charge which he made to be true ; and in order to operate as mitigating facts, it must further appear that the facts which he spreads before you and asks you to take in mitigation were known to him at the time he made the charges ; that he believed those facts and circumstances to be true, and relied upon them in making the charges." To these remarks of the learned judge, by way of instruction to the jury, the defendant's counsel excepted. It seems to have been conceded on the trial that the defence of justification was not relied on, at least no exception was taken to the charge of the judge to that effect. Thus we are to consider the question presented as one relating to the rule of law, applicable to a case of attempted mitigation merely as stated in the exception ; whether the facts and circumstances claimed as mitigating should only be accepted in mitigation where it appears that they were known to the defendant at the time of the speaking of the words, and that he believed them to be true and relied on such belief in their utterance. The question seems to be determined against the exception on authority. (*Bush* v. *Prosser*, 11 N. Y., 347; *Bisbey* v. *Shaw*, 12 id., 67; *Dolevin* v. *Wilder*, 7 Rob., 319; *Gorton* v. *Keeler*, 51 Barb., 475.)

The change in the rule of evidence effected by the Code in cases of attempted mitigation of damages, in actions for libel and slander, was first considered by the Court of Appeals in *Bush* v. *Prosser*, where it was settled that facts and circumstances tending to disprove malice might be given in evidence in mitigation of damages, although they should tend to establish the truth of the defamatory charge. In this case the facts and circumstances offered in mitiga-

tion were known to the defendant, and were alleged to have been uttered without malice towards the plaintiff, or design to do him injury in his good name or otherwise; and they were held to be admissible, because they tended to repel the legal presumption of malice. So Judge ALLEN, speaking for a majority of the court, said: "Probable cause for making the charge, especially when that cause has been induced by or necessarily results from the acts of the plaintiff, together with *entire good faith* of the defendant in making it does, in my judgment, show an absence of malice and \* \* \* should be taken into account, not as a full defence, but in mitigation of damages." Here good faith, which implies knowledge of, or information as to facts and circumstances giving just ground for belief in the truth of the charge, is made an important matter in determining the question of the admissibility of the evidence. So, too, Judge SELDEN, in the same case, says: 'It is clear, therefore, that the defendant has a right to prove the absence of malice in mitigation of the verdict; and to do this it is, of course, indispensable to prove that he believed, and had some reason to believe, the charge to be true when it was made,' and he adds, 'there are but two conceivable modes of doing it; one by proving that he had received such information from other persons as induced him to believe the charge to be true; the other, by showing the existence of facts and circumstances within his knowledge calculated to produce such a belief.'" It seems that the decision in *Bush* v. *Prosser* proceeded upon this line of reasoning.

In *Bisbey* v. *Shaw*, the matters proposed to be proved were such as were known to the defendant when he uttered the defamatory words; and they were held admissible as in *Bush* v. *Prosser* to repel the presumption of malice; because the defendant might have honestly thought and believed on his understanding of the facts, that the words spoken and complained of as defamatory, were true. The cases above cited were considered by JONES, J., in *Dolevin* v. *Wilder*, in an able opinion, and their binding authority was recognized. Here the learned judge examined the question at considerable length on principle (the question coming up on a motion to strike out certain allegations of the answer, put forward as mitigatory in an action for slander),

and expressed his conclusion favorably to the motion, for the reason that the answer neither averred that the defendant knew of the fact alleged in mitigation at the time he made the charge, nor was it averred that by it he was induced to believe the charge true at the time he made it. The same conclusion was reached in *Gorton* v. *Keeler*, founded on principle and authority; and it was there held that mitigatory facts and circumstances, to be available to the defendant, must be such as tended to produce a belief in the truth of the defamatory words existing in the mind of the party when he uttered them. Reference may also be made to the recent decision in *Willover* v. *Hill* (5 W. Dig., 551), in the Court of Appeals, not yet reported in the regular series of the New York Reports. It seems that the mitigatory fact there offered and rejected was not set up in the answer, and the offer may well have been rejected for that reason. But as the case is reported in the Weekly Digest, force was given to the fact, that the alleged matter offered in mitigation had not been communicated to the defendant before she uttered the alleged slander. These several decisions fully vindicate the remarks of the learned judge in this case, made in the course of his charge to the jury, and to which exception was interposed.

It seems that in an action for slander or libel the defendant may set forth in his answer, and prove on the trial, facts and circumstances tending to establish the truth of the defamatory words, by way of mitigation, with a view to disprove malice; but to be available to him in mitigation it must be made to appear that he knew or had information of these facts and circumstances when he uttered the words, and that he spoke them under the belief in their truth. There has been no change in the law effected by the new Code of Civil Procedure (sections 535, 536). It may not be out of place here to observe that evidence of general bad character may be given in evidence, in mitigation of damages, in actions for slander; but not a general report that the plaintiff has been guilty of the offence imputed to him, unless accompanied with the further proof that such report had come to the knowledge of the defendant before the speaking of the words, and that he uttered them in good faith, without malice, relying upon their truth.

I am of the opinion that the record discloses no error, and that the judgment should be affirmed with costs.

BOARDMAN, J., concurred.

LEARNED, P. J., concurring.