(25 App. Div. 282.)

## VAN ALSTYNE v. ROCHESTER PRINTING CO.

(Supreme Court, Appellate Division, Fourth Department.   February 6, 1898.)

LIBEL—ADMISSIBILITY OF EVIDENCE.
   Where a publisher of a newspaper is sued for libel, it is proper to reject evidence showing that the correspondent who sent him the article had no malice against plaintiff, and that in writing the article he stated the facts as he had learned them on investigation.

Appeal from trial term, Ontario county.

Action for libel by David L. Van Alstyne against the Rochester Printing Company.   Trial at the Ontario trial term, January 22, 1897. Verdict for plaintiff for $1,500.   From an order granting a new trial on the minutes, plaintiff appeals.   Affirmed.

Argued before HARDIN, P. J., and FOLLETT, ADAMS, GREEN, and WARD, JJ.

Oscar Tryon, for appellant.
Eugene Van Voorhis, for respondent.

HARDIN, P. J.   The article set out in the complaint was published on the 26th of December, 1895.   An inspection of the article indicates that the trial judge properly held that it was libelous per se.   The stipulation and the evidence given at the trial were sufficient to warrant the conclusion that the defendant was the publisher of the Democrat and Chronicle, in which the article appeared set out in the complaint. Witcher v. Jones (Com. Pl.) 17 N. Y. Supp. 491.   The article complained of was received from Race, a correspondent of the newspaper then residing at Geneva, a young gentleman about 18 years of age, who, in December, 1895, was the regular correspondent of the Democrat and Chronicle, and had occupied that position about one year.   He testified that December 24, 1895, "after the regular issue of the Geneva Daily Times, I noticed an article in that paper concerning this question,— this advertising matter,"—and that he made certain inquiries about it, and thereafter prepared the article in question.   He testified: "I never knew the plaintiff.   Never saw him, only in court here.   Knew nothing about him, only from the investigation I made after the appearance of the article in the Times."   He was then asked:   "Q. Did you have any malice or ill will against him?"   This was objected to as immaterial and irrelevant, and the objections were sustained, and an exception taken by the defendant.   "Q. State whether in writing this article you stated the facts as you learned them in your investigation."   Similar objections were taken, the evidence was excluded, and an exception taken.   In Bennett v. Smith, 23 Hun, 50, in an action for publishing a libel concerning the plaintiff, after the defendant had testified to certain statements made to him by the plaintiff, and given such other information as he had at the time he wrote the article, he was asked, "Why did you write it?" and it was held that the court erred in excluding the question, "as evidence that he acted in good faith was admissible, not in mitigation of the compensatory, but of the vindictive, damages which a jury might award in such a case."   That case was cited

and followed in Lally v. Emery, 54 Hun, 517, 8 N. Y. Supp. 135. The latter case was again before the court, and it was assumed in the opinion delivered in 59 Hun, 237, 12 N. Y. Supp. 785, that the "motive and intent of the defendant in using the words proved were for the jury to ascertain, upon all the evidence." The question of the defendant's intent in using the words complained of was again considered by the court in this same case in the opinions found in 79 Hun, 561, 29 N. Y. Supp. 888. The decision made upon the latter appeal was affirmed 151 N. Y. 653, 46 N. E. 1148. In Cameron v. Association (Sup.) 7 N. Y. Supp. 739, which was an action for libel, the defendant, by way of mitigation of damages, alleged that the libelous publications were based upon a telegram received from its correspondent, and were published in good faith, and without malice, as items of public news; and it was held "that the correspondent's testimony as to how the discrepancy occurred, and as to the grounds of his belief that the telegram sent by him was true, was admissible to disprove malice, as bearing on plaintiff's right to punitive damages." In the course of the opinion delivered by Van Brunt, P. J., he said:

"The facts and circumstances surrounding the sending of the condensed dispatch were very pertinent upon the question of malice. These the witness was not allowed to state, except in a very restricted manner, and he was expressly precluded from stating, by an express ruling, what the witness knew of the character of the sender of the original dispatch. * * * I cannot but conclude that the exclusion of this evidence worked great injustice to the defendant, and that because of it the judgment appealed from must be reversed."

That portion of the opinion to which he have referred was concurred in by Macomber, J. That case was decided in December, 1889. Subsequently, in October, 1890, the case of Morey v. Association, 123 N. Y. 207, 25 N. E. 161, was decided by the court of appeals, affirming the same case in 1 N. Y. Supp. 475. In the latter case it was held as follows:

"Defendant offered to show that the article was telegraphed to it by a correspondent; that the latter had heard that a breach of promise suit had been commenced against plaintiff; also to show how and where he obtained the information. This evidence was excluded. Held no error; that defendant, having published the libel without any inquiry and without any knowledge on the subject, was not entitled to the evidence for any purpose; that its correspondent was not its agent, in the sense that his information was its information."

Applying the doctrine of the latter case to the rulings which we have quoted, we are constrained to say that no error was committed by the trial judge in disallowing the questions propounded to the witness Race.

Upon a review of all the evidence given at the trial, we are of the opinion that the learned trial judge was correct when he reached the conclusion, on the motion for a new trial on the minutes, that the damages were excessive. We think his order awarding a new trial should be sustained. Order affirmed, with costs.

FOLLETT, GREEN, and WARD, JJ., concur in the result. ADAMS, J., not voting.