N. E. 331. It is argued, however, that, the alleged creditor being a member of the firm which made the transfer, and that firm being indebted to the transferees and unable to pay them, no consideration is shown for the promise of the latter; it not being alleged that the assets transferred were more than sufficient to discharge the debt due to the transferees, and the inference from the facts being that the transferrors were insolvent. It does not follow, from the averment in the complaint that the New York firm was unable to pay the Philadelphia firm the amount due the latter, that the property transferred was not ample to satisfy both the debt owing to the Philadelphia firm and to the partner Heismeyer. The allegation is that the firm could not pay the debt "then," i. e. at the time of the transfer, and it might reasonably be inferred that, by the assignment, money to discharge the debts could be realized. An inference in favor of the adequacy of the consideration may reasonably be drawn from the transferees' unconditional promise to discharge both debts. It does not appear that there were other debts to be paid out of the assets. The promise of the transferees being absolute and unconditional, it is not necessary to show that the assets were sufficient to discharge the debts. The case, therefore, is not within the rule in Belknap v. Bender, 75 N. Y. 446, where the agreement was simply to pay out of the proceeds when realized. Bank v. Chalmers, above. There is no force in the contention that the plaintiff is bound to show that his assignor agreed to release the original debtor. The promisors having agreed to pay in consideration of the transfer of property for their own use and benefit, they become primarily liable, irrespective of the liability of the principal debtor. The fact that the debt may still subsist against the original debtor is no objection to a recovery. Clark v. Howard, 150 N. Y. 232–239, 44 N. E. 695. The relations between the promisee Heismeyer and his own firm making the transfer, so far as they might suggest the question whether he could collect the indebtedness from his firm, are immaterial as between the defendants and Heismeyer; since, under the authority cited, by their unconditional promise to him they "assumed an independent duty of payment irrespective of the liability of the principal debtor. * * * In such a case, the debt becomes that of the new party promising. His promise is not to pay the debt of another, but his own." Bank v. Chalmers, supra. Judgment for plaintiff on demurrer to separate defense, with costs.

Judgment for plaintiff, with costs.

---

(28 Civ. Proc. R. 239; 25 Misc. Rep. 243.)

### ROBINSON v. EVENING POST PUB. CO.

(Supreme Court, Special Term, New York County. November, 1898.)

1. LIBEL—PLEADING—ANSWER—PARTIAL DEFENSE.
    A separate defense to an action for libel, alleging certain facts in mitigation of damages, sufficiently characterizes itself as a partial defense, within Code Civ. Proc. § 508, providing that a partial defense "must be expressly stated to be a partial defense."

2. SAME—NEWS AGENCIES—MITIGATION OF DAMAGES.
    Evidence that the publisher of a libel received the matter complained of, in the usual course of business, from the Associated Press, a reputable

news agency, is admissible in mitigation of vindictive damages, though he made the publication without inquiry, and in ignorance of the facts.

3. SAME—DEMURRER TO PLEA.
    A demurrer to a plea as a defense to plaintiff's whole cause of action should be sustained, where the defense is only admissible in mitigation of damages.

4. SAME—COMPENSATORY DAMAGES.
    The fact that the publisher of a libel received the matter complained of, in the usual course of business, from the Associated Press, a reputable news agency, is no defense to an action for compensatory damages.

Action by John Robinson against the Evening Post Publishing Company. Plaintiff demurs to separate defenses set up in the answer. Overruled in part.

William McM. Speer, for plaintiff.
Lawrence Godkin, for defendant.

DALY, J.    The action is for an alleged libel in the publication of a news item. The first defense contains a denial of certain specified material allegations of the complaint. The second defense sets up, as a separate and distinct defense, that the defendant received the matter complained of in the usual course of its business from the Associated Press, a reputable news agency, then engaged in the business of supplying daily newspapers, in the city of New York and elsewhere, with news items, such article having been prepared by a regular news reporter of such Associated Press, who is a competent and experienced man; and that the information, upon which the said article was prepared by said news reporter, was communicated to him in the usual course of his business of obtaining news for the newspapers constituting such Associated Press; and the defendant alleges that it never received any complaint by the plaintiff on account of said publication until this action was commenced; and that no request for any correction, retraction, or explanation was ever made by the plaintiff to this defendant. The third defense, pleaded as a third separate and distinct defense, alleges that, in mitigation of any damages to which the plaintiff might otherwise be entitled by reason of the publication of said libelous matters set forth in the complaint, the defendant repeats and renews all and singular the matters stated under the first and second defenses herein, and will give evidence thereof in mitigation of damages. The third separate defense is sufficient in law, because it sets up facts to disprove the malice which would entitle the plaintiff to punitory, vindictive, or exemplary damages. Although it is not stated to be a partial defense, it so characterizes itself, and hence, in effect, it is such. Howd v. Cole, 74 Hun, 121, 26 N. Y. Supp. 843. In the case cited it is said: "An answer alleging a payment of a certain sum less than the amount claimed in the complaint characterizes itself as a partial defense;" and "a reasonable construction of section 508 of the Code of Civil Procedure does not * * * require a pleader in every case to use the words 'partial defense' where the answer sets up a defense that clearly appears on its face to be such."

The plaintiff objects that the facts alleged are not provable in mitigation of damages, doubtless, because the article, although furnished by a reputable news agency, was published without inquiry by the de-

fendant, and without any knowledge upon his part,—citing Morey v. Association, 123 N. Y. 207, 25 N. E. 161, and Van Alstyne v. Printing Co., 25 App. Div. 282, 49 N. Y. Supp. 523. In Witcher v. Jones (Com. Pl.) 17 N. Y. Supp. 491, decided after Morey v. Association, above, it was said that, in defeat of exemplary damages, it might be shown that the libel was uttered in good faith, upon the authority of others; which doctrine is supported by Cameron v. Association (Sup.) 7 N. Y. Supp. 739. The motive and intent of the writer and publisher are admissible in mitigation, not of the compensatory, but the vindictive, damages, and are to be ascertained by the jury upon all the evidence. Lally v. Emery, 79 Hun, 561, 29 N. Y. Supp. 888, affirmed 151 N. Y. 653, 46 N. E. 1148. Facts and circumstances which disprove malice may be received in evidence. Bush v. Prosser, 11 N. Y. 347. Mitigating circumstances are those which disprove malice. Gorton v. Keeler, 51 Barb. 481.

It follows, therefore, that the third separate defense, showing under what circumstances the defendant received the article for publication, sets up matter admissible in evidence as a partial defense,—that is, to disprove the malice which would entitle the plaintiff to punitory, vindictive, or exemplary damages; and such defense is therefore sufficient in law, not only in form, but also in substance, for such third defense is expressly stated to be pleaded in mitigation of damages, and thus characterizes itself as a partial defense, under the authority of Howd v. Cole, above. But with respect to the second separate defense, in which the same facts are set forth, but apparently as a complete defense to the whole cause of action without limitation, the plaintiff's demurrer must be held to be well taken. It might, of course, be argued by the defendant, that the matter pleaded in the second defense is only admissible in mitigation of damages. But the fact that the same matter is pleaded twice—once expressly by way of mitigation, and, in the other instance, without such limitation, and as a separate defense—indicates that the pleader intended it to be a defense to the whole action. From the authorities above cited, it appears that such matters so pleaded are not admissible except in mitigation of damages; and, being pleaded as a defense to the whole cause of action, the plaintiff's demurrer to such defense is well taken.

Demurrer to the second separate defense sustained, and demurrer to the third separate defense overruled. No costs to either party. Ordered accordingly.