SARASOHN v. WORKINGMEN'S PUB. ASS'N et al.

(Supreme Court, Appellate Division, First Department. November 10, 1899.)

1. LIBEL—REPORT OF MEETING—PRIVILEGED COMMUNICATION.

A meeting of the adherents of a religious sect, at which are considered the philanthropic enterprises of the sect, is not a public proceeding, within Code Civ. Proc. § 1907, providing that an action for libel cannot be maintained against one who publishes a fair and true report of any judicial, legislative, or any public or official, proceeding.

2. SAME—FORM OF PUBLICATION—INSINUATIONS.

Under Code Civ. Proc. § 1907, which provides that a fair and true report of a public proceeding shall be considered a privileged communication; and section 1908, which provides that section 1907 shall not apply to any libel contained in the heading of the report, or any other matter added by any other person concerned in the publication, or in a report of anything said or done at the time and place of the official proceeding which was not a part thereof,—a person is liable in an action for libel for publishing an article reporting a meeting, where the libel is not embodied in the report of what was said and done so much as in the inferences and insinuations drawn.

3. SAME—GOOD FAITH—MITIGATION OF DAMAGES.

In an action for libel against the publishers of a newspaper for publishing a libelous report of a sectarian meeting, whereat it was insinuated by speakers that charitable funds of the sect were being diverted from their intended purposes by some of the committee having charge, and of which plaintiff was one, and where the report insinuated that plaintiff had embezzled such funds, defendant may show, for the purpose of showing good faith, and in mitigation of damages, that the article was a fair and true report of the meeting.

Appeal from special term, New York county.

Action by Kasryel H. Sarasohn against the Workingmen's Publishing Association and others. From a judgment overruling plaintiff's demurrer to defendants' answer, plaintiff appealed. Affirmed.

Argued before VAN BRUNT, P. J., and McLAUGHLIN, PATTERSON, O'BRIEN, and INGRAHAM, JJ.

Abraham H. Sarasohn, for appellant.

Leon A. Malkiel, for respondents.

McLAUGHLIN, J. This action is brought to recover damages alleged to have been sustained by the plaintiff by reason of the publication in a certain newspaper, called "Das Abend Blatt," of the following article:

"Mr. Sarasohn, to where goes the box money? The American consul of Jerusalem holds a speech about it. The large hall of Hebrew Institute was last night converted in a piece of Jerusalem. Matured Hebrews, who had just left the 'Menoras Hamoa' and 'Chaie Adam,' filled the hall, and upon the platform rabbis alone sat. It was a meeting called by the 'Kollel America,' and the object of it was to place under cover to the Kol Israel Jewel, Kasryelke Pushke. The question which was once placed to Richard Croker, 'Where did you get it?' to whither go the thousands of Maier Bal-A'Ness boxes? The chief attraction was the American consul in Jerusalem, Mr. Edwin S. Wallace, who there held a speech. A speech it was,—not to sin with the words,—really as from an American politician,—a paste from Pasteland,—but that is a separate matter. Far importance it was which he told, that from the $80,000, which the Kol-Hakollohim, of which Mr. Sarasohn is the trustee, collects from the Maier Bal-A'Ness boxes for one year in America, there comes in Jerusalem

whole $6,000, and from that the American Jews in Jerusalem receive almost nothing. Their wives and children used to come to him in the consulate, asking bread. He says that the money remains sticking to long fingers here in New York, but he did not want to mention any names. He only asked the question, to where goes it? The Jews murmured, 'Perhaps Sarasohn knows.' "

An answer was interposed, and the plaintiff demurred to the fourth paragraph thereof, which reads as follows:

"The defendant, further answering said complaint, alleges that the publication complained of in said complaint is a true, correct, and impartial report of a public proceeding, and is therefore privileged."

The demurrer was overruled, and the plaintiff has appealed.

Section 1907 of the Code of Civil Procedure provides that an action, civil or criminal, cannot be maintained against a reporter, editor, publisher, or proprietor of a newspaper, for the publication therein of a fair and true report of any judicial, legislative, or any public or official, proceeding, without proving actual malice in making the report. The respondents, the publisher and editors, respectively, of the newspaper referred to, claim that the article complained of comes within this provision of the Code, in that it was a report of a public proceeding, and therefore privileged. In this we do not agree. A meeting of the character of the one described certainly does not come within the provision of the Code quoted, and, if it did, it would not aid the defendant to any material extent, because the following section (1908) provides that section 1907 does not apply to any libel contained in the heading of the report, or in any other matter added by any other person concerned in the publication, or in a report of anything said or done at the time and place of the public and official proceeding, which was not a part thereof. The slanderous imputation in the article in its entirety is not so much in what was said at the meeting as in the insinuations and inferences to be drawn from the report of the meeting. It is the extrinsic facts or the covert inferences which are to be drawn from the publication which give force to it.

But we are also of the opinion that, while the facts alleged do not constitute a defense, proof of the same will nevertheless be admissible upon the trial of the action; they being pleaded in mitigation of damages, as bearing upon the good faith of the defendants in publishing the article, and as tending to disprove actual malice, and in mitigation of damages. Bush v. Prosser, 11 N. Y. 347; Spooner v. Keeler, 51 N. Y. 527. We are therefore of the opinion that the demurrer was properly overruled.

It follows that the judgment appealed from must be affirmed, with costs. All concur.