by the court, and the positive testimony of several of the witnesses, is to the effect that the sand pile at the point of the accident did not extend into the street to exceed 10 feet, and it was admitted that the street measured 34 feet between the curbs at this point, so that there was less than one-third of the street occupied at the place where the accident occurred, and there was, so far as the plaintiff is concerned, no nuisance at the point of the accident. The fact that the sand may have reached to the center of the street at a point farther along is of no consequence; he was not injured by reason of that fact, but because of the condition at the westerly end of the pile. As to that, the evidence is clear, we believe, that it was not intruding upon the highway beyond the limits fixed by the city ordinance. At least, the evidence introduced in behalf of the plaintiff does not show a nuisance at the point of this accident, and the case is to be determined upon the question of the negligence of the defendants in reference to guarding the pile of sand at the point of the accident. As we have already indicated, there is no evidence to show that the light which was properly placed and burning during the earlier part of the evening was out at the time of the accident; much less that it had been out any appreciable length of time before the happening of the accident, while the undisputed evidence is that the lantern was still warm when picked up after the accident. If the lantern was there at the time of the accident, and lighted, it was a sufficient warning upon a city street, over one-half of which was entirely unobstructed, and it was error, under the evidence, to submit the question of the defendant's negligence to the jury.

While it is probably true that the court was not entirely regular in submitting the questions to the jury, we would not think the irregularities fatal to the judgment; but under all of the circumstances, and with the defects in evidence pointed out, we are of opinion that the judgment should not stand.

The judgment and order appealed from should be reversed.

Judgment and order reversed, and new trial granted; costs to abide the event. All concur.

---

### DE SEVERINUS v. NEW YORK EVENING JOURNAL PUB. CO.

(Supreme Court, Appellate Division, Second Department. April 12, 1912.)

LIBEL AND SLANDER (§ 64*)—NEWSPAPER LIBEL—MITIGATION—OTHER PUBLICATIONS.

That a libelous newspaper article was published first by another newspaper was not admissible in mitigation, unless defendant published the article as hearsay, with a statement of the source of the information under belief that the article was true.

[Ed. Note.—For other cases, see Libel and Slander, Cent. Dig. § 165; Dec. Dig. § 64.*]

Appeal from Trial Term, Kings County.

Action by Lillian G. De Severinus against the New York Evening Journal Publishing Company. From a judgment for plaintiff, and from an order denying a new trial, defendant appeals. Affirmed.

---

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes.

Argued before JENKS, P. J., and BURR, THOMAS, CARR, and: WOODWARD, JJ.

Charles J. Shearn, for appellant.

Theodosius F. Stevens, for respondent.

PER CURIAM. In an action brought by this plaintiff upon a similar publication by the Press Publishing Company, we decided that a verdict for $5,000 should be reinstated, despite a reduction by the trial justice. De Severinus v. Press Publishing Co., 147 App. Div. 161, 132 N. Y. Supp. 80. It was admitted in that action, as in the action at bar, that the circulation of the newspaper was very large. As there are no circumstances of material difference which relate to the damages, we should not hold this verdict of $3,000 excessive.

The fact that the article was published first by the defendant in the case cited supra is not admissible in mitigation. There is an exception to this rule, which, however, is not presented in the case at bar. In a case of libel, if the defendant published the article as hearsay, with a statement of the source of its information, proof thereof, and that the publisher at the time of publication believed the article to be true, is admissible in mitigation, to show freedom from malice. See Newell on Slander and Libel (2d Ed.) 893, 894; Odgers on Libel. and Slander, p. 359.

The judgment and order must be affirmed, with costs.