HARRY GOODROW, Respondent, *v.* MALONE TELEGRAM, INC., Appellant.

Third Department, March 17, 1932.

*George J. Moore* [*Arthur VD. Chamberlain* of counsel], for the appellant.

*O'Connell Brothers* [*B. Loyal O'Connell* of counsel], for the respondent.

HILL, J.   The plaintiff has recovered a verdict of $12,500 because of the publication of the following article in defendant's newspaper:

### " CUSTOMS MAN SUSPENDED FOR BOOTLEGGING

" Ogdensburg, N. Y., Sept. 19.   (AP) — Charged with taking smuggled liquor from railroad passengers and selling it himself, Harry Goodrow, United States customs inspector at Rouses Point, a 15 year veteran of the service, has been suspended, John C. Tulloch, collector of the port of Ogdensburg and his superior, announced today.

" Inspector Goodrow has been stationed at Rouses Point during almost all of his 15 years with the customs, said Tulloch.   The collector said many other charges against Goodrow were being investigated."

Justification was not attempted.   The jury was properly instructed that plaintiff was entitled to such damages as would compensate him for the injury which he had sustained, and to such punitive damages as were justified by defendant's reckless and wanton conduct in publishing an article which was untrue.   There was no claim of actual or personal ill will or malice.   The article was furnished by the Associated Press, printed as hearsay and the source of the information given.   Defendant sought to prove the statements made by Tulloch when interviewed by the Associated Press reporter.   This was excluded.   The care exercised by defendant's press agents in endeavoring to ascertain the truth was material on the question of malice.   (*Kehoe* v. *New York Tribune, Inc.*, 229 App. Div. 220; *Foley* v. *Press Publishing Co.*, 226 id. 535, 549;

*DeSeverinus* v. *Press Publishing Co.*, 147 id. 161; *Butler* v. *Gazette Co.*, 119 id. 767, 774; *Robinson* v. *Evening Post Publishing Co.*, 39 id. 525; *Van Alstyne* v. *Rochester Printing Co.*, 25 id. 282; *Cameron* v. *Tribune Assn.*, 7 N. Y. Supp. 739.) (Cf. *Morey* v. *Morning Journal Assn.*, 123 N. Y. 207.)

" In a case of libel, if the defendant published the article as hearsay with a statement of the source of its information, proof thereof, and that the publisher at the time of publication believed the article to be true, is admissible in mitigation to show freedom from malice." (*DeSeverinus* v. *New York Evening Journal Pub. Co.*, 150 App. Div. 342.)

Had a reporter in the direct employ of the defendant interviewed Tulloch, the right to introduce evidence of this character would have been clear. There is a conflict of authority when the interviewer is in the direct employ of a news gathering agency, with only a special or qualified employment by the defendant publisher. A practical consideration of the present day methods in the publication by daily newspapers of dispatches furnished by reputable news agencies like the Associated Press would hardly require the most prudent of publishers to verify the honesty of the Associated Press reporter. If it were attempted, the time consumed would transform the news item into history. Defendant was entitled to the benefit of the care exercised by the interviewer in the direct employ of the Associated Press, of which it was a member.

Plaintiff was suspended from his position as a customs inspector at the time stated in the article, and later was removed. The evidence as to the exact nature of the charges made against him at the time of his suspension and for which he was removed was excluded. If these facts gave some color of verity to the statements contained in the published article, plaintiff would not be entitled to receive the same damages as if his reputation was beyond unfavorable criticism or comment. (*Gressman* v. *Morning Journal Association*, 197 N. Y. 474, 480; *McDonald* v. *Press Publishing Co.*, 174 App. Div. 463.) The evidence should have been received.

The judgment and order should be reversed and a new trial granted, with costs to appellant to abide the event.

All concur, except VAN KIRK, P. J., and McNAMEE, J., who dissent and vote for affirmance on the ground that upon this record there is no prejudicial error in any ruling.

Judgment and order reversed on the law and the facts and new trial granted, with costs to the appellant to abide the event.