## ST. JOHN *a.* GRIFFITH.

*Supreme Court, First District; Special Term, November,* 1854.

PLEADING.—ACT OF AGENT.

Under the Code the act of an agent should not be pleaded as the act of his principal.
Of the liberality in the construction of pleadings required by the Code.

Motion to strike out portions of a complaint.

The complaint stated an agreement entered into by Ancel St. John, brother of the plaintiff, and claiming to act as his agent, with Griffith and Brown the defendants; by which St. John sold to defendants a lease and fixtures of a hotel, the defendants agreeing to give a chattel mortgage as collateral security for the payment of the purchase-money, part of which was to remain unpaid. It also alleged that the defendants with a view of defrauding him, had since made two notes upon which the holders had entered judgment and issued execution. It prayed a specific performance of the agreement to give a chattel mortgage and a stay of proceedings of the alleged fictitious executions issued against the defendants.

The defendant moved to strike out certain portions of the complaint; those alleging that Ancel St. John entered into the agreement of sale as agent of his brother, and also those relating to the fraud charged upon the defendants; and also that the signatures to the alleged contract be annexed to the copy given.

*Mr. Sanxay*, for the motion.

————————, opposed.

ROOSEVELT, J.—This is a bill in equity to compel the specific performance of an agreement to give a chattel mortgage. The plaintiff alleges that instead of giving the mortgage as promised, the defendants Griffith and Brown had confessed a fraudulent judgment in favor of Moody and Ketchum, and that by means of an execution on the judgment, G. and B.,

M. and K. were endeavoring to dispose of the property, and thus defeat the plaintiff's rights.

The defendants move to strike out several parts of the complaint as irrelevant and redundant.

I. It is contended first, that it is bad pleading to aver that an agent did the act instead of averring that it was done by his principal. The Code requires facts to be stated, not fiction; " the facts of the case," and not the mere legal conclusions. Such a statement therefore as that adopted by the plaintiff is not only admissible but necessary. At the same time I see no objection to the plaintiff's stating in addition to the fact what he considers to be its legal effect. Such a statement may or may not be an " unnecessary repetition" according to circumstances.

II. Next, as to the allegations of fraud. These are the necessary bases for relief against the judgment and execution devised by the defendants to defeat the creditors. The plaintiff perhaps has rung the changes on them rather too frequently. No particular injury however, it seems to me can result from the few additional words. The complaint, as a pleading, compared with a majority of those which have come under the eye of the court, is remarkably concise. Although full, it is not overflowing—or if so at all but very slightly—not more than what the court may properly overlook. The Code indeed upon this point is imperative, making it the positive duty of the court to discard all nice objections, and to construe pleadings " liberally with a view to substantial justice between the parties."

This class of motions I may add is not to be encouraged. They involve generally a very great, and in most instances, a very fruitless consumption of time, to the prejudice of matters of substance and the delay of other suitors. Technical obstructions are not in harmony with the spirit of the age, either in the Old World or the New. Courts of justice now-a-days are expected to try cases and not pleadings. And provided the parties are reasonably notified in advance of what they are expected to meet on the trial, it is all that should be required of their adversaries, and all that is of any use in written preliminary statements. A good letter and

good answer, were there no lawyers, would be the natural, as they are, in most instances, the best forms of pleading.

The defendant's motion, except so far as it calls for the signatures of the alleged contract annexed to the complaint, must be denied.