## SUPREME COURT.

### Dewitt C. Littlejohn agt. Horace Greeley.

Where answers are not *frivolous* or *palpably irrelevant*, the question of their suf-
ficiency should be presented by *demurrer*, not by motion, to strike out under
§ 152 of the Code.

*It seems*, that if an answer alleges matter either as a *total* or *partial* defence pal-
pably foreign, inapplicable and impertinent to the cause of action, or frivolous,
it may be stricken out as *irrelevant*. But the irrelevancy or frivolousness must
be *palpable and clear*, not requiring argument to establish it.

*Oswego Special Term, April*, 1861.

Action for a libel. Motion by plaintiff to strike out the
several answers of the defendant as irrelevant, and in case
that motion should not prevail, to strike out a part of one
of the answers as irrelevant and redundant.

D. H. Marsh, *for motion.*
I. T. Williams, *contra.*

Allen, Justice. Section 152 of the Code authorizes
" sham and irrelevant answers" to be stricken out on mo-
tion. A " sham" answer is one that is false in fact. What
is an " irrelevant" answer, is not so well settled. But as a
sham answer is one good in form, but false in fact, and put
in in bad faith, the term " irrelevant" in the same connec-
tion, must have been used to describe another class of ans-
wers equally unauthorized and mischievous, and put in
from the same improper motive. When part of an answer
is spoken of as irrelevant, we know what is intended. It
is that the matter alleged to be irrelevant is not applicable
or pertinent, " not necessary to support" the defence set up
in the entire answer. An entire answer, to be irrelevant,
must be " not applicable or pertinent" to the cause of
action alleged, and " not necessary to support" any defence
in whole or in part to the action, as in the example given

by WILLARD, J., " a bankrupt's discharge in an action of slander," (*Harlow* agt. *Hamilton*, 6 *How.*, 475.) The Code of 1848 did not contain this provision, neither did it authorize a demurrer to an answer. In 1849, section 152 was enacted, but its operation was confined to sham answers, and no authority was given to the court to impose terms upon striking out answers, and a demurrer was allowed to an answer for insufficiency, (*Code*, § 153,) and at the same time authority was given to a party to apply for judgment by reason of the frivolousness of a demurrer, answer or reply, (*Code*, § 247;) and in 1851 the 152d section was amended and adopted in its present form. In 1852 section 153 was so amended as to confine a demurrer to answer to new matter constituting a counter-claim, and the section was subsequently amended in 1855, so as to restore the right to demur to an answer, containing new matter, in all cases. In 1854, when there was no demurrer to an answer, except as to matters alleged as constituting a counter-claim, a motion under § 152 was made to do the work and serve the purposes of a demurrer. (*Herr* agt. *Bamberg*, 10 *How.*, 128.) The learned justice who made the decision, was in an error in the suggestion with which he sets out in the opinion, that the motion to strike out irrelevant defences was given simultaneously with taking away the right of demurrer to answers, from which it was inferred that the motion was to be a substitute for the demurrer. The history of the amendments shows that the right to move to strike out for irrelevancy, and to demur for insufficiency, were given at the same time, and the right to demur taken away the preceding year. The inference is rather, therefore, that the remedies were not designed for the same purpose, and that it was not optional with the plaintiff to resort to a demurrer or to a motion to test the sufficiency of an answer. The answer in the case cited was stricken out because it was unauthorized by the Code, as construed by the learned justice, as alleging only matters in mitigation and not in bar

of an action for slander. A like motion was made in 1855, before the same learned justice, and granted for the reason that the facts alleged were inadmissible in evidence. In *Van Benschoten* agt. *Yaple*, (13 *How.*, 97,) the action was slander for charging the plaintiff with having stolen the defendant's hay, and the answer alleged that the plaintiff was reputed to be a thief. The answer was clearly frivolous, and might well have been treated as foreign to the subject matter of the action, and it was not necessary to decide that the plaintiff had his election to demur or to move under the 152d section. I think the better rule is stated by the same justice in *Benedict* agt. *Dake*, (6 *How.*, 352,) where a motion was made to strike out a whole complaint as irrelevant.

Irrelevant or redundant matter was held to be synonymous with matter which could have been expunged as impertinent, in the court of chancery; that which was not material to the decision of the action; matter upon which no issue could be framed or which could not be given in evidence. (*Wood* agt. *Morrell*, 1 *J. C. R.*, 103.)

Harris, J., says: " Was it ever known that an entire pleading was struck out for impertinence? I am not aware that any such practice was ever sanctioned. If the pleading contains a cause of action or a defence, then it is not all impertinent. If it does not, then the objection should be taken by demurrer." Subsequently in the same opinion he says, that to grant the motion and give the plaintiff leave to serve a new complaint, " would be giving to the motion to strike out irrelevant matter, the effect of a demurrer," which was evidently deemed objectionable. Judge Barculo, in *Nichols* agt. *Jones*, (6 *How.*, 355,) does not undertake to decide when an entire answer may be struck out as irrelevant; but he sums up the various provisions of the Code, and harmonizes them, giving to each its appropriate office, as follows: " If any answer, otherwise good, is loaded with unnecessary and redundant mat-

ter, the plaintiff's counsel should move, under section 160, to have such matter expunged. If doubts are entertained as to the sufficiency in law of the answer, and the opinion of the court is desired, it must be obtained by demurrer. If, however, any defence is palpably insufficient, a motion for judgment, on the ground of frivolousness, is the proper course; and if the matters of defence can be shown to be clearly false, a motion to strike out as sham will reach the evil. These four modes cure all defects in an answer."

This appears to me a reasonable construction of the Code, with, perhaps, this qualification; that if an answer alleges matter either as a total or partial defence, palpably foreign, inapplicable and impertinent to the cause of action, or frivolous, it might be stricken out as irrelevant. But the irrelevancy or frivolousness must be palpable and clear, and not require argument to establish it. If a question is to be presented for argument, requiring consideration, it should be done by demurrer. In *Harlow* agt. *Hamilton*, (6 *How.*, 475,) it was held that when a pleading was palpably frivolous, the proper course was to demur, or to move for judgment under section 247, or to strike it out under section 152. An irrelevant answer was said to be good in form and true in fact, but having no relation to the cause. And in *Blake* agt. *Eldred*, (18 *How.*, 240,) the matters alleged in the several answers cannot be said to have no relation to the cause of action. They relate to the subject matter of the alleged libel and the circumstances of its publication. I must regard the case of *Bush* agt. *Prosser*, (1 *Kern.*, 347,) the doctrine of which is re-affirmed in *Bisbey* agt. *Shaw*, (2 *id.*, 67,) notwithstanding the decision has been entered, as permitting a defendant to put in an answer in an action for a libel or slander, alleging only matters in mitigation of damages.

Whether the answers here contain matters which should either bar the action or be given in evidence in mitigation of damages, I will not decide. The answers are not frivolous

or palpably irrelevant, and the question as to their sufficiency should be presented by demurrer, unless the plaintiff elects to wait until the trial, and present the questions by objecting to the evidence which may be offered under them, which is not the best way for presenting a question upon an entire defence. As to the part of a single answer which it is asked to strike out, it is only necessary to say, that if the matters alleged in the rest of the answer constitute a defence, or are proper to be given in evidence in mitigation of damages, the matters objected to are not irrelevant or redundant, and ought not to be stricken out.

The motion will be denied, but without costs, and with leave to demur within ten days.