## N. Y. SUPERIOR COURT.

BENJAMIN WRIGHT, receiver, &c., agt. ELBERT NOSTRAND *et al.*

*Stenographer's fees — What fees court stenographers are entitled to charge to counsel for furnishing an official copy of the stenographic minutes of a trial — Code of Civil Procedure, sections* 86, 289.

Court stenographers are only entitled to charge to counsel for furnishing an official copy of the stenographic minutes of a trial *ten cents per folio of* 100 *words by actual count;* and on application of the attorney he will be ordered to write out his minutes and make out his bill at such rate. He cannot require an attorney to pay in advance for such copy.

Attorneys as well as stenographers are officers of the court and subject to its orders; and in any case where it should be made to appear that an attorney had wrongfully refused to pay the legal charges of the stenographer, the court will protect the latter by a summary order against the attorney.

*Special Term, December*, 1879.

*Before* SPIER, *J.*

THIS is a motion to compel Henry W. Parkhurst, the official stenographer of the equity branch of this court to furnish to Messrs. Thomas & Wilder, the defendants' attorneys, a copy of his minutes of the trial of the action.

*Edward P. Wilder*, for motion.

*Henry W. Parkhurst*, in person, opposed.

By the motion papers it appeared that defendants' attorneys had ordered an official copy of the minutes, which the stenographer had refused to write out, unless paid the sum of ninety dollars, in advance, as his fees. The defendants' attorneys demurred to this charge as exorbitant and inquired of the stenographer at what rate per folio he computed his fees, and how many folios of testimony he had taken ; to which Mr. Parkhurst had replied that his fees were computed at fifteen cents per folio, and that he did not know precisely how many folios there would be, but by a process of "estimating" the same from the original minutes, he "judged" there would be about 600 folios, which, at the rate of fifteen cents a folio, would amount to ninety dollars. The defendants' attorneys refused to pay this sum, but informed the stenographer that they would pay him at the rate of fifteen cents a folio of a hundred words by actual count, after the minutes should have been written out, but that they declined to pay in advance upon any process of "computation" less accurate than an actual account. This proposition not being acceptable to Mr. Parkhurst, the present motion was necessitated. And upon this motion counsel referred to sections 86 and 289 of the new Code, which it was stated on both sides embodied all the law applicable to the case. By section 86 it is provided that the official stenographer shall "furnish, upon request, with all reasonable diligence, to the defendant in a criminal cause, or a party or his attorney in a civil cause in which he has attended the trial or hearing, a copy, written out at length, of the tes-

timony and proceedings upon the trial or hearing, upon payment by the person requiring the same of the fees allowed by law." It was contended by Mr. Wilder that the fees allowed by law in such cases were fixed by section 289 " at the rate of ten cents for each folio so written out." Mr. Parkhurst, on the other hand, contended that section 289 prescribed the fees only in cases in which the court should order the minutes, and stated that the usual practice of stenographers is to charge at the rate of fifteen cents per folio when the minutes were ordered by counsel. Judge SPEIR declined to take this view of the statute, declaring that " there was no mystery about it; that the legislative intent was obviously to fix the rate of stenographers' fees at ten cents a folio, and that Mr. Parkhurst must content himself with that rate of payment."

The judge, in like manner, overruled the suggestion made by the stenographer, that the Code nowhere provided that the number of folios should be actually " counted," Mr. Parkhurst urging that it was also the practice of official stenographers to " estimate" the folios instead of counting them. Mr. Wilder, in rejoinder, mentioned to the court a recent case in which a stenographer's bill had been reduced over one-third from its " estimated" amount, by the simple process of counting the folios.

The court thought that counting was the proper course.

It was also urged by the stenographer that he was entitled to payment of fees in advance, before he wrote out his minutes ; and in justification of this plea he mentioned several instances in which attorneys, after ordering the minutes, had abandoned their appeals, and thus left the minutes on the stenographer's hands unpaid for; to guard against which result Mr. Parkhurst said he had adopted the uniform rule of requiring payment in advance in all cases. Mr. Wilder waxed quite indignant at this suggestion, and stated that, if the stenographer would say that he had ever had any difficulty in collecting from him or from his firm, Thomas & Wilder, any bill whatsoever of any kind, or would state that he had ever

heard of anybody who had. had such difficulty, he would deposit now in court a sum of money large enough to secure any possible bill Mr. Parkhurst could charge; but that he refused to pay any sum of money in advance upon speculation or conjecture as to what Mr. Parkhurst's bill might ultimately be.

The court again sustained Mr. Wilder, and ordered the stenographer to write out his minutes and make out his bill at the rate of ten cents per folio of 100 words by actual count, and to furnish the same to defendants' attorneys; adding, " that attorneys, as well as stenographers, are officers of the court, and subject to its orders; and that in any case where it should be made to appear that an attorney had wrongfully refused to pay the legal charges of the stenographer the court would protect the latter. by a summary order against the attorney."