HERMAN PASSAVANT and Others, Respondents, *v.*
HERMAN CANTOR, Appellant, Impleaded with ISAAC
SICKLE.

*Bill of particulars — when not required to be furnished.*

The complaint in this action, brought to set aside a general assignment, alleged
that the defendant Isaac Sickle failed to deliver to his assignee, the defend-
ant Herman Cantor, all the property owned by him, or in which he had an
interest at the time of making the assignment, and that the defendant Isaac
Sickle had fraudulently secured and reserved for his own benefit a large
portion of the property that he then had. It further alleged that the said
instrument, purporting to be a general assignment, was the culmination of a con-
spiracy on the part of the defendant Isaac Sickle to fraudulently obtain goods,
wares and merchandise from his different creditors, including these plaintiffs,
for the purpose of fraudulently disposing of the same.

The defendant made an application for a bill of particulars which should contain,
first, a detailed statement of the property which the defendant Sickle failed to
deliver to his assignee, which he fraudulently secured and reserved for his
benefit; also the dates of such reservations and the names of the persons with
whom they were made; second, a detailed statement of the goods claimed to
have been fraudulently obtained, from whom such goods were obtained, and
what portion thereof was reserved by defendant Sickle for his own benefit.

*Held*, that the application for the bill of particulars was properly denied.

That were the plaintiffs compelled to state the persons with whom, and state when,
and the manner in which, the defendant Sickle had fraudulently disposed of
his property in a bill of particulars, they would, upon the trial, be confined to
such proof, although they might be in a position, without being possessed of this
knowledge, to establish a *prima facie* case by showing such a gross deficiency
between the assets which the assignor turned over to the assignee, and the assets
which, in ordinary business dealings, he would have had, at the time of his
assignment, as to put the defendants to their proof.

Appeal from an order, made at the New York Special Term,
denying a motion made by Herman Cantor for a bill of particulars.

This action was brought to set aside a general assignment made
by Isaac Sickle to the above-named Herman Cantor for the benefit of
the creditors of said Isaac Sickle. The assignment was attacked upon
the ground that the assignor, prior to the delivery of the assignment
made fraudulent reservations and secretions of a part of his property
for his own benefit. An application was made to require the plain-
tiffs to furnish a bill of particulars, which is more particularly

referred to in the following opinion delivered at Special Term, which was affirmed by the General Term upon the reasons therein given :

O'BRIEN, J. The defendant assignee asked for a bill of particulars of certain matters relating to plaintiff's cause of action, which alleges fraud by the assignor, invalidating an assignment for the benefit of creditors, as the basis of the action, and the particulars of the alleged fraud are required. This same motion was made before Mr. Justice PATTERSON, and was by him disposed of upon the ground that the moving papers were technically defective, and upon that ground the motion was denied, with leave to renew, so that upon new affidavits the motion is presented to me upon its merits. The paragraphs of the complaint, to which reference is made, are as follows:

*Thirteenth.* That, as plaintiffs are informed and believe, the said defendant Isaac Sickle failed to deliver to his assignee, the said defendant Herman Cantor, all the property owned by him or in which he had an interest at the time of making of the said assignment, reported to be a general assignment, and that the said defendant Isaac Sickle, as plaintiffs are informed and believe, has fraudulently secreted and reserved for his own benefit a large portion of the property that he then had, and executed the said instrument with intent to hinder, delay and defraud his creditors, including these plaintiffs.

*Fourteenth.* That, as plaintiffs are informed and believe, the said instrument, purporting to be a general assignment, is the culmination of a conspiracy on the part of the defendant Isaac Sickle to fraudulently obtain goods, wares and merchandise from his different creditors, including these plaintiffs, for the purpose of fraudulently disposing of the same, or a portion thereof, and with the further intention not to apply the proceeds of the said disposition to the payment of the claims of the said creditors, but to reserve the same for his own benefit, and after greatly reducing his assets by such fraudulent reservations and fraudulent secretions, to hinder and delay his said creditors by the making of the said instrument purporting to be a general assignment.

The particulars asked for upon this motion are: First. A detailed statement of the property which the defendant Sickle failed to deliver to his assignee, which he fraudulently secreted and reserved

for benefit; also, the dates of such reservations and the names of the persons with whom they were made. Second. A detailed statement of the goods claimed to have been fraudulently obtained, from whom such goods were obtained, and what portion thereof was reserved by defendant Sickle for his own benefit. The assignor and assignee, the two defendants in this action, are both parties to the conveyance which is alleged to be fraudulent, and to that extent may be regarded as in privity with each other. They appear by the same attorneys, and upon the motion before Mr. Justice PATTERSON joined in the demand for a bill of particulars, which, if granted on the assignee's application, enures to the benefit of the assignor. There is nothing presented upon this motion as to the assignee's knowledge or lack of knowledge as to the reservations. The defendant Cantor has received the books and papers of the assignor, and has made up a schedule.

As said by Judge WALLACE in *Wilson* v. *Pearson* (13 Fed. Rep., 386): "The particularity with which a party should be required to inform his adversary as to essential facts which are in controversy, depends upon the nature of the facts and the extent to which information may fairly be presumed to be within the cognizance of the respective parties. A party should never be required to make specifications of those matters which from their inherent character are not capable of exactitude, or which constitute evidence rather than substantive facts, nor to proffer information which is presumably more within the knowledge of his adversary than his own." There is no vagueness or uncertainty about the allegations of the complaint. The fact stated being, first, a failure to pass over the entire property to the assignee, and a reservation with intent to defraud creditors; and, second, a scheme to defraud, including the acquisition of goods on credit, and the disposition of them for cash, and a reservation for the benefit of the assignor.

In *Wiegan* v. *De Jonge* (18 Hun, 406), it is said that "if the information sought is in the possession of the party asking it, then it will be plain that the application is stimulated by some motive other than a desire for specific details; and if it appears, in addition, that the parties from whom further particulars are asked are not in a situation to answer the demand, and do not possess the facts, then indeed is presented a plain case for a refusal of the order."

In *Newell* v. *Butler* (38 Hun, 104), it was said : " The result of the numerous reported adjudications relating to the scope and nature of a bill of particulars is, that its only proper office is to give information of the specific proposition for which the pleader contends in respect to any material and issuable fact in the case, but not to disclose the evidence relied upon to establish any such proposition." I have not overlooked the cases of *Claflin* v. *Smith* (13 Abb. N. C., 206) and *Gas-Works, etc., Company* v. *Standard Gas-Light Company* (13 N. Y. State Rep., p. 339.) In the former case a bill of particulars was ordered. In that case, however, the motion was made by one set of creditors seeking to sustain the assignment against another set of creditors seeking to set it aside on the ground of fraud. The present case seems to me to be clearly distinguishable, for in *Claflin* v. *Smith* it was evident that the persons seeking the information did not know the facts, nor were they in a position to know, and as the learned justice there said : " The plaintiffs may be ordered to deliver to them a statement in writing of the times and places at which the plaintiffs expect or intend to prove any acts or things which serve to show that the assignment named in the complaint was done with fraudulent intent as charged in the complaint, and particularly to what persons and at what times and places the plaintiffs will claim or offer to prove that the assignor, Clinton H. Smith, made secret or other assignments of his estate."

These applications are addressed wholly to the discretion of the court. Whether it shall be granted or not depends on the particular circumstances of each case. Conflict in the authorities is due to the lack of similarity between the cases presented for decision. Upon a complaint, it appears to me that the effect of requiring the plaintiff to furnish a bill of particulars will not only be to compel him to disclose much of his evidence, but would be a hardship. The complaint itself appears to me to satisfy the rules applicable to equity pleadings. A general certainty is sufficient in pleadings in equity, and though a mere general charge of fraud is insufficient, it is not to be understood that particular facts and circumstances, which confirm and assist, should be minutely charged. It is not necessary or proper that pleadings at law or in equity should be incumbered with all the matters of evidence the complainants may intend to introduce. (Wait on Fraud. Convey., § 142.) Were the plaintiffs compelled to state the persons with whom, and times when

and the manner in which the defendant had fraudulently disposed of his property, in a bill of particulars, they would, upon the trial, be confined to such proof, yet they might be in a position, without being possessed of this knowledge, to establish a *prima facie* case by showing such a gross deficiency between the assets which the assignor turned over to the assignee and the assets which, under ordinary business dealings, he should have had at the time of his assignment, as to put the defendants to their proof.

Considering the nature of the action itself and the relative positions of, the parties, and the fact that the knowledge in reference to the statements of fraud, if they existed, are, by reason of the possession of the books and of the entire estate of the assignor, more within the possession of the assignee, this application is denied, without costs.

*Leonard Bronner*, for the appellant.

*Charles E. Hughes*, for the respondents.

PER CURIAM :

The careful opinion of the learned judge in the court below gives ample reason for the denial of the motion.

The order appealed from should be affirmed, with ten dollars costs and disbursements.

Present — VAN BRUNT, P. J., DANIELS and BARTLETT. JJ.

Order affirmed, with ten dollars costs and disbursements.