LOUISA WILLIAMS AND OTHERS, RESPONDENTS, *v.* SAMUEL D. FOLSOM AND OTHERS, APPELLANTS.

*Motion to make a complaint more definite and certain, not granted after answer.*

An application to strike out certain allegations of the complaint, or to make them more definite and certain, will not be granted after an answer to the complaint has been served, nor in the absence of some evidence that the retention of such allegations in the complaint will embarrass the defendants in their defense.

APPEAL by the defendants from an order, entered in the office of the clerk of the county of New York on the 7th day of March, 1890, by which it was ordered that the motion on the part of the defendants for an order that various portions of the amended complaint specified in said notice of motion be stricken out, or in default thereof to compel plaintiffs to make said amended complaint

more definite and certain, be in all respects denied, with costs to be paid by the defendants to the plaintiffs.

*Davenport, Smith & Perkins*, for the appellants.

*Carter, Hughes & Cravath*, for the respondents.

BRADY, J.:

This action was brought to recover the sum of $10,000, to which the plaintiffs considered themselves entitled, by reason of the treacherous conduct of the defendants, who, as their agents, had induced them to sell certain real estate for a sum less than its value in order to resell the same at an advanced price for their own benefit, and which they accomplished by improper representations and the use of a vendee who was connected with the fraudulent scheme. The allegations in the complaint, designed to make this apparent, are, in part, objected to, and the defendants seek to have them striken out in the first place or made in some respects more definite and certain. The allegations, as a whole, are not, nor is any part of them, irrelevant. They constitute a full exposition of the plaintiffs' case, giving, perhaps, more details than would be necessary, but, nevertheless, germane to the subject, and may be items of importance in establishing the cause of action set up. When this reasonably appears they cannot be properly stricken out as irrelevant, more especially if the action be one in which fraud is alleged. Aside from this, the disposition of a motion made for such a purpose is discretionary and should be granted only where no doubt exists of the irrelevancy charged. This is the rule, although the pertinency of some of the allegations is not directly apparent; but there is a possibility that they may become so in explanation of or as connected with the history of the subject-matter of the litigation. There is still another rule applicable to such a motion, and that is, there must be some evidence that the retention of the allegations would embarrass the defendants in their defense — something shown establishing harm or injustice. (*Lugar* v. *Byrnes*, 15 Civil Pro. R., 72.) There is still another objection to the success of this motion, namely, that the defendants have answered. An answer can have no other effect in reference to such a motion than to waive the right

to make it.    This must apply whether the complaint be amended or not if the answer remain.    The issues are *framed* when that pleading is put in and the preliminaries are closed.

The allegations are not subject to the charge of indefiniteness. They are definite and certain.    There can be no misunderstanding as to what is meant by them, and the evidence to sustain them cannot be called for.    It may be said, indeed, that the defendants well know what is charged against them and are desirous of ascertaining, if they can, the particulars of the proof by which they will be established ; besides allegations of fraud are not required to be stated with great particularity.    The array of facts and circumstances, but not minutely, is sufficient.    (*Passavant* v. *Cantor*, 21 Abb. N. C., 259, 264.)    The court may, in some instances, direct, on a proper motion therefor, a detailed statement, but not on such a motion as was made herein in such a case as this.    A general statement, if comprehensive and complete, although it may in the proof involve details, cannot be arraigned as indefinite or uncertain.

For these reasons the learned judge in the court below properly denied the motion, and it should be affirmed, with ten dollars costs and disbursements of this appeal.

Van Brunt, P. J., and Daniels, J., concurred.

Order affirmed, with ten dollars costs and disbursements of this appeal.