### VAN DERVEER et al. v. WOODWORTH.

*(Supreme Court, General Term, Third Department. March 15, 1892.)*

REPLEVIN—ANSWER—RELEVANT AVERMENTS.

In replevin against a city officer to recover property taken under a warrant for the collection of a special assessment for street grading, the court erred in striking out a paragraph of the answer alleging facts showing the regularity of the corporate proceedings on which the assessment was based.

Appeal from special term, Montgomery county.

Action by Theodore B. Van Derveer and another against William H. Woodworth to recover possession of certain property levied upon by defendant. Defendant was an officer of the city of Amsterdam, and as such had seized the property in question under a warrant for the collection of a special assessment for a street grading. Defendant pleaded these facts, and also set up certain acts performed by the city of Amsterdam, as required by statute, showing the regularity of the proceedings upon which the special assessment was founded. Paragraph 3 of defendant's answer, alleging these acts upon the part of the city, was by an order of the special term stricken out, from which order defendant appeals. Reversed.

Argued before PUTNAM and HERRICK, JJ.

*Louis H. Reynolds,* for appellant. *Edward P. White,* for respondents.

PER CURIAM. We think those parts of the order of the special term striking out the third paragraph of defendant's answer, and awarding to plaintiffs costs of the motion, should be reversed, on the authority of *Town of Essex* v. *Railroad Co.,* 8 Hun, 361. See, also, *Bradstreet* v. *Bradstreet Co.,* 14 N. Y. St. Rep. 260, 261; *Duprat* v. *Havemeyer,* 18 Wkly. Dig. 439; *Williams* v. *Folsom,* (Sup.) 10 N. Y. Supp. 895. It is held in the cases above cited that a party should have a reasonable latitude in stating his cause of action or defense. The part of the answer stricken out by the court below could probably have been stated more briefly; possibly it might have been safely omitted. We think, however, it was proper for the defendant to allege the facts showing the regularity of the corporate proceedings preceding the warrant, under which he, as a corporate officer, claimed to take and hold the property in suit, and that the allegation stricken out was pertinent and competent in that regard. Certainly it is quite clear that the retention of the said third paragraph in the answer cannot in any possible way injure the plaintiff, and therefore, under the rule as laid down in the case above cited by a previous general term of this district, it should remain in the pleadings. Those parts of the order appealed from striking out the third paragraph of the defendant's answer, (except the figure 3 at the commencement thereof,) and allowing the plaintiff costs of the motion, should be reversed, the residue of the order to stand, with $10 costs of the appeal and printing to the appellant.