## WEHLE v. LOEWY.

(Common Pleas of New York City and County, General Term. February 6, 1893.)

1. APPEAL—DISCRETION—STRIKING OUT SCANDALOUS MATTER.

An order striking out a portion of an answer as scandalous is within the discretion of the court, and will not be disturbed on appeal except for abuse of discretion.

2. WHO MAY MOVE TO STRIKE OUT SCANDALOUS MATTER.

Code Civil Proc. § 545, providing that "irrelevant, redundant, or scandalous matter contained in a pleading may be stricken out on the motion of a person aggrieved thereby," is not limited to a party to the action, but the motion may be made by plaintiff's attorney, when he is the person aggrieved.

Appeal from special term.

Action by Alexander Wehle against Benno Loewy for the recovery of money. From an order striking out a portion of the answer as irrelevant, immaterial, and scandalous, defendant appeals. Affirmed.

Argued before BOOKSTAVER, BISCHOFF, and PRYOR, JJ.

Benno Loewy, in pro. per.

Charles Goldzier, (Charles Wehle, of counsel,) for respondent.

BOOKSTAVER, J. The complaint alleges that the plaintiff's assignor is an attorney and counselor at law, and then sets forth a special contract made between the defendant and the assignor in regard to certain fees, allowances, etc., to be made and earned in the surrogate's court, for which the defendant received $2,500, and the plaintiff claims to be entitled to one third of the amount under such agreement. The answer admits the receipt of the money, and denies all other allegations of the complaint; and, for a second defense, sets up that plaintiff's assignor was a clerk in defendant's employment at and previous and after the times mentioned in the complaint, and in receipt from the defendant of a weekly salary, which was duly paid to and received by the assignor during every week he was employed by the defendant; together with other matters, in which is included the portion of the answer which was stricken out by the order appealed from. A mere inspection of the portion stricken out shows that it is not relevant or material to the defense set up, which is payment. Besides, such an inspection will disclose the fact that the part stricken out is highly scandalous, in charging a crime upon which no claim of damages is predicated, and which is immaterial, in so far as it constitutes no defense to the cause of action set forth in the complaint.

The granting or refusal of a motion to strike out as immaterial and irrelevant is always within the discretion of the court, (section 545, Code; Town of Essex v. New York & C. R. Co., 8 Hun, 361; St. John v. Griffith, 1 Abb. Pr. 39; Homan v. Byrne, 14 Wkly. Dig. 175; Williams v. Folsom, 57 Hun, 128, 10 N. Y. Supp. 895;) and the same, we apprehend, is true in regard to scandalous matter, especially, as in this case, where it cannot by itself constitute a defense to the action. Moreover, it is apparent that the most it could do would be to prejudice the jury against the assignor, if called as a witness in this action; and we do not see how the complaint could be established without calling him as a witness, when the facts alleged in the part stricken out, if true, can be brought out upon cross-examination; and we think it will place him in a sufficiently unfavorable light to appear as witness to the claim, assignor of the claim, and attorney for the claimant at the same time. We cannot say that the discretion exercised by the judge granting the order was improper, under the circumstances of this case.

But it is contended by appellant that no party to the action is aggrieved by the matter stricken out, as Mr. Goldzier, the assignor, is not a party to the action, and therefore the motion should not have been granted. But it is no defense to such a motion that no party to the action is aggrieved, for the Code [1] expressly provides that "any person

[1] Code Civil Proc. § 545, provides that "irrelevant, redundant, or scandalous matters contained in a pleading may be stricken out upon motion of a person aggrieved thereby."

aggrieved" by the irrelevant or scandalous matter may have it stricken out on motion; and in this case it is made by the plaintiff's attorney, who is the person injured. The order should therefore be affirmed, with $10 costs and disbursements. All concur.