Edward W. Hatch, Appellant, v. George E. Matthews and Another, Respondents.

*Libel — proof of malice — the semblance of a defense not stricken out as irrelevant — bill of particulars of matter in mitigation.*

In an action brought to recover damages for an alleged libel the general rule is to admit proof of any fact which may possibly bear on the question of malice, and if there is the slightest doubt in the mind of the court whether the fact offered to be proved tends to disprove malice, the evidence should be admitted, and submitted to the jury under proper instructions.

Where there is the semblance of a cause of action or a defense set up in a pleading, its sufficiency cannot be determined on a motion to strike it out as redundant or irrelevant. Wherever argument is necessary to show the irrelevancy of a pleading, the court will not strike out the matter objected to.

Where the information called for, on an application for a bill of particulars, is such that it would be exceedingly difficult, if not impossible, to specify the particular acts upon which the allegation of the pleading was based; for example, such as might have been manifest by a look, by the tone of the voice, or by an expression or appearance, a bill of particulars of such matters will not be required.

*Quære*, whether a bill of particulars should be directed of matter pleaded in mitigation of damages, especially where the plaintiff himself is familiar with the facts.

Facts which are pleaded in an answer for the purpose of mitigating the damages, claimed in an action for libel, on the ground of provocation induced by a belief that the plaintiff had previously uttered slanderous words, and to that extent for the purpose of rebutting the inference of actual malice, or of reducing the degree of malice with a view of preventing punitive damages, will not be stricken out of the answer as irrelevant.

Appeal by the plaintiff, Edward W. Hatch, from the following portions of an order of the Supreme Court, made at the Erie Special

Term and entered in the office of the clerk of the county of Erie on the 18th day of July, 1894:

1. The part of said order which denies the plaintiff's motion requiring the defendants to separate and number separately the portion of the second defense of their answer herein, beginning with the words: "Second: And for a second and further answer and defense," etc., and ending with the words "plaintiff on the trial of said action or the proceedings connected therewith," both inclusive, and to separate and state and number separately the remaining portion of said second defense begining with the words: "These defendants allege, however, upon their information and belief, that the said plaintiff at the time of the trial," etc., and ending with the words "toward these defendants and the newspaper published by them," both inclusive.

2. The part of said order which denies the plaintiff's motion asking that the defendants be required to state in what manner, respect and by what speech or conduct the prejudice and bias charged upon the plaintiff in the following allegation in the second defense set forth in said answer were shown or manifested in the discharge of the plaintiff's judicial functions on the trial of the case of *Smith* v. *Matthews*, and the proceedings connected therewith, said allegation being as follows:

"These defendants allege, however, upon their information and belief, that the said plaintiff at the time of the trial of the said action was and still is personally prejudiced and biased against these defendants, and the said newspaper published by them, and that that prejudice and bias influenced the mind and judgment of said plaintiff in the discharge of his judicial duties, and that it did bias and prejudice said plaintiff in his action in the trial of said action of said Smith against Matthews and the proceedings connected therewith."

Also an appeal by the plaintiff from an order made at the Erie Special Term and entered in said clerk's office on the 22d day of October, 1894, denying plaintiff's motion to strike out certain allegations in defendants' amended answer.

*Simon Fleischmann*, for the appellant.

*Charles B. Wheeler*, for the respondents.

LEWIS, J. :

This action was brought against the defendants, as the proprietors and publishers of the Buffalo *Morning Express*, to recover damages for a libelous article published therein concerning the plaintiff. Plaintiff moved the court for an order requiring the defendants to serve an amended answer and separately state and number the matter set up as a second defense, and make the answer more definite in certain particulars. The motion was in part granted and in part denied, and from so much of the order as denied plaintiff's motion an appeal was taken. After service of the amended answer plaintiff moved the court to strike therefrom certain allegations, as irrelevant. The motion was denied. Separate appeal books were made, but the motions were argued together, and may be so considered in disposing of the appeals.

The defendant Matthews was interviewed by a reporter of the Buffalo *Enquirer*, in which paper the interview was first published ; it was thereafter reprinted in the *Express*. The particular matter complained of consists in this statement: " The reason for the malice that Judge HATCH has shown in his personal and judicial functions towards the *Express* is generally attributed to the fact that the *Express* prevented him from turning over the Superior Court to the Democratic party in order to gratify his personal ambition to become a judge of the Supreme Court." It is evident from the balance of the article that this had reference to a libel action which had theretofore been tried in the Superior Court of Buffalo, in which one Juliette C. Smith was plaintiff against these defendants. The plaintiff presided at the trial. The article contained an imputation that the plaintiff was actuated by malice towards the defendants upon the said trial. The way or manner in which such malice was manifested was not stated. If actual malice was manifested the inference would be that it was intentional or willful.

Malice is defined : "A propensity to inflict injury or suffering; active ill-will." If the word " malice," therefore, be taken in its ordinary popular sense the inference would be that the plaintiff was charged with having acted in a malicious manner, with willful disregard of his duty, and that the defendants used the word in that sense in the article.

It was charged in the complaint that the defendants caused these

publications to be made through malice conceived, harbored and manifested by them against the plaintiff, and that they wickedly and maliciously, with intent to injure the plaintiff, caused the publications to be made. Malice in law would be implied, and the want of actual express malice, or malice in fact, would be no justification or excuse, though the absence of it might be used in mitigation of damages. It is alleged in the defendants' answer in mitigation of damages, in substance, that prior to these publications Charles S. Hatch, a brother of the plaintiff, and who was at the time clerk of the court of which the plaintiff was one of the judges, had publicly stated and declared to a reporter upon and one of the writers for the Buffalo *Enquirer*, a daily newspaper published and having a large circulation in the city of Buffalo, in substance, that " everybody in the city understands why Mr. George E. Matthews and the *Express* are so bitter against my brother, myself, the Superior Court and the office of clerk of the Superior Court. Every chance which the *Express* has it assails this court and this office. In this it is traitorous to the Republican party, for the devotion of myself and my brother to the party can be questioned by no one. There is not a true Republican newspaper in this city, and, when the project was first mooted to start a new Republican paper in this city, I said that I would subscribe to it. The reason why Mr. George E. Matthews and the *Express* are dead set against my brother and myself is because there is a heavy judgment in this court against the *Express* in the case of *Smith* v. *Matthews*. Mr. Matthews thought that the case of *Smith* v. *Matthews* should be arranged in such a manner as not to cause any particular trouble, and only a small or nominal amount of expense to the *Express*. Justice did not move that way, however, and a substantial verdict was obtained by the plaintiff against the *Express* for libel. My brother tried the case, and the *Express* apparently wanted him to disgrace the dignity of the bench by favoring the *Express* on the trial. The court did not show favor to the *Express*; consequently the *Express* and Mr. Matthews are sore and cannot say things too harsh against this office."

It is stated in the answer that the said Charles S. Hatch intended by said statements to charge the defendants and especially Matthews with the corrupt and unlawful attempt to improperly influence the

plaintiff in the discharge of his official duties as one of the judges of the court in the conduct and trial of the case of Smith against the defendants, and that said statements and charges were absolutely false and untrue in every particular and without any foundation in fact and were designed to greatly injure and prejudice the defendants in their good name and reputation and to greatly prejudice the interests and rights of the defendants in the disposition of the case of Smith against them on appeal, and that the statements so made by Charles S. Hatch were made for the purpose and with the intention of having them published in the Buffalo *Enquirer;* and that the defendant Matthews was requested to answer said statements and charges, and, for the purpose of defending his own honor from what he believed to be an unwarranted and malicious attack upon his integrity, good name and reputation, he made to the reporter of the Buffalo *Enquirer* the statement in substance which was published in that paper and afterwards in the Buffalo *Morning Express.* The foregoing is a part of the allegations of the answer which the plaintiff asked to have stricken out, and if these were all of the allegations in the answer, they were probably not relevant to any issue in the case, and could not be proven on the trial for any purpose, for there is nothing thus far that tends to show that the plaintiff in any way authorized or directed the publication, or was in any way responsible for it. The publication of a libel by a third party upon a defendant is no provocation in law for the commission of a libel upon another, unless it can be shown that the latter was responsible for the publication, but the answer proceeds to state, upon information and belief, that the defendants " had good and sufficient reason for believing and did in fact believe that the said statements so as aforesaid made by the said Charles S. Hatch were the result and outcome of statements made by this plaintiff to the said Charles S. Hatch, and were the result of unfriendly and hostile feelings on the part of said plaintiff, the said Charles S. Hatch, toward these defendants and the newspaper published by them; that the reason these defendants had for believing that said statements so alleged to be made by the said Charles S. Hatch were the result and outcome of statements made by the plaintiff to said Charles S. Hatch and of unfriendly and hostile feelings on the part of the plaintiff towards these defendants and their newspaper are, the fact that these defend-

ants were credibly informed and believed that the statements so alleged to have been made by said Charles S. Hatch were in fact so made; that said Charles S. Hatch, owing to his official relations to the plaintiff as clerk of the Superior Court of Buffalo, and by reason of his kinship to the plaintiff as his brother, sustained intimate relations of friendship with the plaintiff and had peculiar means and opportunities of knowing the views, sentiments and feelings of his brother * * * toward these defendants; that said Charles S. Hatch and this plaintiff had aided and assisted each other in times past in procuring each for the other personal and political advancement and position, all of which were generally known, and these defendants believed and had good and sufficient reason to believe that the said Charles S. Hatch would not have made said statements unless some statements had in turn been made to him by the plaintiff," and " that these defendants know of no source from which Charles S. Hatch could derive any information touching the subject-matter of said statements saving and excepting from the plaintiff in this action."

It is further alleged that the Buffalo *Express* had theretofore urged the abolishment of the Superior Court and had opposed the candidacy of the plaintiff for a certain office, and that the plaintiff and his brother were endeavoring to establish a rival newspaper to the *Express*, and that from all the circumstances of the case they had reason to believe and did believe that the libel published by Charles S. Hatch was not only the result and outcome of statements made by the plaintiff to him, but also the result of unfriendly feelings as aforesaid.

It is true, as argued by the appellant's counsel, that, after all, these allegations are largely matters of inference, but in determining the question whether the defendants had good reason to believe that the statements made by the brother were the outcome of information he had derived from the plaintiff, the peculiar character of the facts can, with propriety, be considered. The defendants were charged in the interview with having improperly attempted to influence the plaintiff in the discharge of his judicial duties. Such an attempt, the jury would have the right to assume, would have been made secretly, when no one was present but the plaintiff and the defendants, and when Charles S. Hatch assumed to state that such an attempt had been made, the natural inference would

be that his information came from the plaintiff. The question then is whether the facts thus pleaded can be used upon the trial for the purpose of mitigating the damages on the ground of provocation induced by belief that the plaintiff had previously uttered these slanderous words, and to that extent rebutting the inference of actual malice, or reducing the degree of malice with the view of preventing punitive damages. The general rule is to admit proof of any fact that might possibly bear on the question of malice, and if there is the slightest doubt in the mind of the court whether the facts proposed to be proven tend to disprove malice the evidence should be admitted and submitted to the jury under proper instructions. (*Dolevin* v. *Wilder*, 34 How. Pr. 488; *Gorton* v. *Keeler*, 51 Barb. 475 ; Townshend on Slander & Libel, § 361.)

Where there is a semblance of a cause of action or a defense set up in a pleading its sufficiency cannot be determined on motion to strike it out as redundant or irrelevant. (*Walter* v. *Fowler*, 85 N. Y. 621; *Hagerty* v. *Andrews*, 94 id. 195.) Such a motion should be granted only where no doubt exists of the irrelevancy charged and where there is evidence that its retention would embarrass the opposite party in the prosecution of his defense. (*Williams* v. *Folsom*, 32 N. Y. St. Repr. 455.) The court will let the matter objected to stand where argument is necessary to show the irrelevancy of the pleading. (*Baer* v. *Seymour*, 12 N. Y. St. Repr. 166; *Littlejohn* v. *Greeley*, 22 How. Pr. 345; *Finger* v. *City of Kingston*, 29 N. Y. St. Repr. 703; *Duprat* v. *Havemeyer*, 18 Wkly. Dig. 439; *Bradner* v. *Faulkner*, 93 N. Y. 515.)

The question whether facts set up are or are not such as should be permitted to be given in evidence in mitigation is especially proper to be decided by the judge on the trial. He being present, a witness to the exigencies of the trial as it progresses, is better situated to dispose of such a question than the court at Special Term. (Townshend on Slander & Libel, § 361, and cases there cited.) Motions to strike out irrelevant or redundant matter in a pleading are not regarded with favor by the courts. Whether they should be granted or not is to a large extent a matter of discretion and not of absolute right. (*Town of Essex* v. *N. Y. & C. R. R. Co.*, 8 Hun, 361; *Smith* v. *Hilton*, 50 id. 242.)

We incline to the opinion that the matter complained of can be

properly proven on the trial in mitigation of damages. It follows that the court, at Special Term, did not err in refusing to strike it out. The plaintiff also asked that the defendants be required to furnish to the plaintiff a bill of particulars which should state by what speech or conduct, or in what manner and respect the prejudice and bias alleged to have been shown by the plaintiff were shown or manifested in the discharge of his judicial functions and in his action on the trial of the case of *Smith* v. *Matthews* and the proceedings connected therewith, as alleged in said answer. The nature of the allegation is such that it would be exceedingly difficult, if not impossible, to specify the particular acts of the plaintiff upon which it was based. Such prejudice and bias may have been manifested by a look, by the tone of the voice in making the charge to the jury, by an expression or appearance which it would be difficult to specify in a bill of particulars. A doubt is suggested in *Newell* v. *Butler* (38 Hun, 106) whether a bill of particulars should be directed of matter pleaded in mitigation of damages (*Holmes* v. *Jones*, 13 N. Y. St. Repr. 57), especially in a case where the plaintiff was himself familiar with the facts.

The court, we think, properly disposed of that part of the plaintiff's motion requiring the defendants to separately state and number the facts and matters set forth in their second defense. That part of their answer consisted of facts and circumstances which naturally and properly belonged together, and which were pleaded in mitigation of damages; the part of the second defense which denied that the defendants intended to charge the plaintiff with intentional or willful misconduct, legitimately and properly belongs with the clause following, which alleges that the plaintiff in fact was personally prejudiced and biased against the defendants and their newspaper, and that said prejudice and bias influenced his mind and judgment in the discharge of his judicial duties upon the trial of said action of *Smith* v. *Matthews*. The plaintiff's contention involves the separation of these parts of the answer.

We fail to find any reason for reversing either of the orders appealed from. They should be affirmed, with ten dollars costs and disbursements.

DWIGHT, P. J., and BRADLEY, J., concurred.

Orders affirmed, with ten dollars costs and disbursements.