(78 Misc. Rep. 52.)

### HALE v. McDERMOTT.

(Supreme Court, Appellate Term, Second Department. October 25, 1912.)

1. OFFICERS (§ 98*)—ILLEGAL FEES—RECOVERY—REAL PARTY IN INTEREST.

Public Officers Law (Consol. Laws 1909, c. 47) § 67, and Code Civ. Proc, §§ 3281, 3282, provide that an officer or other person who demands or receives any fees greater than allowed by law "is liable to an action in behalf of the person aggrieved, in which the plaintiff is entitled to treble damages." Code Civ. Proc. § 449, provides that every action must be prosecuted in the name of the real party in interest, except that a trustee of an express trust or a person expressly authorized by statute may sue without joining with him the person for whose benefit the action is prosecuted, and that one with whom or in whose name a contract is made for another's benefit is a trustee of an express trust under the section. *Held,* that an attorney who paid an overcharge to an official court stenographer for a transcript of the minutes in a summary proceeding could recover such excess in an action in his own name against the stenographer.

[Ed. Note.—For other cases, see Officers, Cent. Dig. §§ 148–151; Dec. Dig. § 98.*]

2. OFFICERS (§ 98*)—ILLEGAL FEES—ACTIONS—"PARTY AGGRIEVED."

A "party aggrieved," within Code Civ. Proc. §§ 3281, 3282, declaring an officer demanding fees greater than that allowed by law to be liable to an action in behalf of the person aggrieved, is the one whose money .

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

is withheld, who is thus directly injured by the excess taken, and may be the attorney himself, instead of his principal.

[Ed. Note.—For other cases, see Officers, Cent. Dig. §§ 148–151; Dec. Dig. § 98.*

For other definitions, see Words and Phrases, vol. 1, pp. 273–278; vol. 8, pp. 7569, 7570.]

Appeal from Municipal Court, Borough of Brooklyn, First District.

Action by William H. Hale against William J. McDermott. From a judgment for defendant, plaintiff appeals. Reversed, and new trial granted.

Argued October term, 1912, before CRANE, ASPINALL, and PUTNAM, JJ.

William H. Hale, of Brooklyn, for appellant.
Junius Pendleton Wilson, of New York City, for respondent

PUTNAM, J. Plaintiff requested defendant, an official stenographer of the Municipal Court to furnish him with a transcript of the minutes in a summary proceeding, in which plaintiff acted as the attorney of record. Plaintiff advanced $15 for this service, and afterwards was repaid $2, leaving a charge of $13, which plaintiff claims was excessive.

Plaintiff sued under the statute which declares that an officer or other person who demands or receives any fees or compensation greater than that allowed by law "is liable to an action in behalf of the person aggrieved, in which the plaintiff is entitled to treble damages." Public Officers Law (Consol. Laws 1909, c. 47) § 67; Code of Civil Proc. §§ 3281, 3282.

The trial justice denied any recovery, apparently on the ground that, as plaintiff acted as an attorney in a proceeding in which his principals appeared on the record, only they could maintain this action. He therefore gave judgment for defendant, and plaintiff has appealed.

[1] Such restraints upon officials are ancient. Stat. 3 Edw. I, c. 26, against extortion, besides direct punishment, gave the person from whom the money had been extorted a remedy by action for double value. Act 2 Henry IV, c. 3, allowed the chirographer four shillings for the writing of every fine levied in the Common Pleas, upon pain, if he take more, of loss of office, imprisonment, "and to pay the party grieved his treble damages." 2 Coke, Inst. 150. Where there was an overcharge for fees to prove a will, Coke said of a like statute:

"The act ought to be expounded to suppress extortion, which is a great affliction and impoverishing the poor subjects." Neale's and Rowse's Case, 13 Coke Rep. 24, 26.

[2] The "person aggrieved" is the one whose money is withheld, who is thus directly injured by the excess taken, and may be the attorney himself, instead of his principal. See Wehle v. Loewy, 2 Misc. Rep. 345, 21 N. Y. Supp. 1027. Even in the more technical sense in which a right to appeal is limited to a "person aggrieved," it broadly includes

any one "having some pecuniary interest or some personal right, which is immediately or remotely affected" (Lawless v. Reagan, 128 Mass. 592), and includes those standing as legal representatives of others (Green v. Blackwell, 32 N. J. Eq. 768).

If the payment exacted for shorthand notes is beyond the statutory limit, it would not ordinarily be taxable, and, if submitted to by the attorney, its repayment might in a subsequent accounting be properly resisted by the client. The Legislature provided this remedy as a penalty for misfeasance of all officials and others in a position to make exactions. The courts should not construe it so as to deprive those who directly make, and suffer by, such overpayments. While ordinarily an attorney, acting for a·client of record, is not personally liable for stenographer's fees (Bonynge v. Field, 81 N. Y. 159), or for printing a brief (Livingston Middleditch Co. v. N. Y. College of Dentistry, 31 Misc. Rep. 259, 64 N. Y. Supp. 140), it does not follow that an attorney, who is forced to submit to an excess charge, must sue only in his client's name. Such a holding would often defeat the remedy, especially where the client's money had not been advanced, and the entire transaction had been that of the attorney.

It is well settled that statutes fixing a fee for a folio of 100 words are not satisfied by arbitrary and excessive estimates of certain folios in a page space (11 Cyc. 127, note 95); but the legal charge must be based on the words transcribed (Wright v. Nostrand, 58 How. Prac. 184; Cavanagh v. O'Neill, 20 Misc. Rep. 233, 45 N. Y. Supp. 789). Where, however, the carbon copy of the transcript is supplied to, and retained by, the attorney, he cannot refuse liability for this second copy, on the ground that it had not been expressly ordered.

As there must be a new trial, it is pointed out that plaintiff's official position under the city charter, and the hours devoted by him to his official duties, were quite irrelevant, as the trial justice repeatedly declared; yet the proceedings were improperly incumbered with such evidence, which could in no way affect the merits of the controversy.

Judgment reversed, and new trial granted, with costs to abide the event.

CRANE, J. I concur in the result, on the ground that the plaintiff could at least recover the excess charge under section 449 of the Code of Civil Procedure, as the contract he made with the stenographer was for the benefit of another.

ASPINALL, J., concurs with CRANE, J.